# EX PARTE: IN THE MATTER OF THE FIRST NATIONAL BANK OF DEXTER, NEW YORK.

# EX PARTE: IN THE MATTER OF EDWARDS.

## IN MANDAMUS.

Nos. 11 and 12, Original. No. 11, Argued March 10, 11, 1913. No. 12, Submitted March 11, 1913.—Decided May 5, 1913.

Striking from the record, for non-compliance with the rules of court, the bill of exceptions, after the case has been heard on its merits, is not a refusal to take jurisdiction or a refusal after taking jurisdiction to exercise it; if the action is erroneous it is but an error committed in the exercise of judicial discretion, reviewable by writ of error and not by mandamus.

Mandamus in this case to compel the Court of Appeals of the District of Columbia to reinstate a bill of exceptions which on motion it had stricken out for failure to comply with its rules, refused.

THE facts are stated in the opinion.

Mr. A. S. Worthington and Mr. Charles L. Frailey for the First National Bank, petitioner.

Mr. W. W. Millan for Edwards, petitioner.

Mr. J. J. Darlington for the respondents.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

By § 226 of the Code of Law of the District of Columbia, the right of appeal to the Court of Appeals of the District is given to "any party aggrieved by any final order, judgment, or decree of the Supreme Court of the District of Columbia, or of any justice thereof, including any final

order or judgment in any case heard on appeal from a justice of the peace." By an act approved February 9, 1893, 27 Stat. 434, c. 74, creating the Court of Appeals, the justices of the court were invested with the power to make "such rules and regulations as may be necessary and proper for the transaction of its business and the taking of appeals to said court." In the assumed exercise of such power certain rules were promulgated to govern the practice on appeals, among which is paragraph 4 of Rule V, regulating the mode of preparing bills of exceptions and requiring such exceptions to be so prepared as to present only the rulings of the court below upon matters of law, accompanied by only such statement of fact as may be necessary to explain the bearing of the rulings upon the issues involved, and providing further, that where a defect of proof is the ground of the ruling or exception, only the substance of the evidence connected with and having relation to the proposition or propositions in respect to which the proof is supposed to be defective shall be set out in the bill of exceptions.

The petitioners herein—the First National Bank of Dexter, New York, and Benjamin F. Edwards—respectively, commenced actions in the Supreme Court of the District, against Edmund K. Fox and others to recover upon notes given as part of the consideration on the purchase of a yacht. The defense was interposed in each case that the sale was induced by fraudulent representations and that the plaintiff was not an innocent holder in due course; so as to exclude the assertion of such defense. By order of the trial court, the cases were tried together, before the same jury, the issues and the testimony being identical except as to the circumstances under which each plaintiff acquired the promissory note sued upon in the respective cases. A verdict was returned in each case for the defendants, whereupon the plaintiff prosecuted an appeal to the Court of Appeals. That court, after a hear-

ing upon the merits, sustained a motion to strike out the
bill of exceptions, because not prepared in conformity
to the rule on the subject, and while a motion for judgment
because of the want of a bill of exceptions was pending
below, we allowed rules to issue upon petitions filed on
behalf of the plaintiffs below, directing the Court of Ap-
peals to show cause why it should not be commanded to
reinstate the bill of exceptions in the cause in the record
thereof.   The respondents answered, and, after detailing
the facts, averred that the action of the court below com-
plained of "was simply the rightful and necessary en-
forcement by the court of one of its rules, established in
pursuance of the authority to that end conferred upon
it by the act of Congress creating it and necessary to the
due and proper discharge of the business before it."

We deem it unnecessary to detail the contentions as to
the compliance or non-compliance by counsel in the bills
of exceptions referred to with the rule of court on the sub-
ject, nor do we think it necessary to consider whether the
rule warranted the particular exertion of power and if it
did authorize such exertion of power, whether it was
amenable to condemnation.   In view of the fact that the
case was heard below on the merits and it was not until
after such hearing that the court sustained the motion to
strike out the bill of exceptions, we are of opinion that the
case presented is not one "where an inferior court refuses
to take jurisdiction when by law it ought to do so, or
where, having obtained jurisdiction, it refuses to proceed
in its exercise."   *In re Parker,* 131 U. S. 221.  The court
below, in effect, took jurisdiction, and its action in striking
out the bill of exceptions was at best but an error com-
mitted in the exercise of its judicial discretion, to correct
which is the province of a writ of error where the right to
such writ obtains.  *Ex parte Brown,* 116 U. S. 401; *Ex parte
Harding,* 219 U. S. 363.

*Rule discharged.*