## STEINFELD v. ZECKENDORF.

APPEAL FROM AND ERROR TO THE SUPREME COURT OF THE
STATE OF ARIZONA.

No. 239. Argued October 19, 20, 1915.—Decided November 1, 1915.

A court is not precluded from construing a document because its construction is affected by facts and circumstances not open to dispute.

Whatever may be the rule as to legislatures and statutes this court may determine from the knowledge of its members whether the court below has acted as this court intended it should upon a mandate recently entered.

Cases come to this court from Arizona in the usual form, and this court has no jurisdiction on appeal from a judgment of the Supreme Court of that State even though entered on the mandate of this court in a case originally coming here from the Supreme Court of the Territory of Arizona.

As the judgment entered by the Supreme Court of the State in this case is not inconsistent with the opinion of this court there is no reason for disturbing it.

This court will not consider provisions in a judgment of the state court entered on the mandate of this court as to matters non-federal.

15 Arizona, 335, affirmed.

THE facts, which involve the jurisdiction of this court on appeals from and writs of error to the state court and the construction of the mandate of this court and the power and duty of the Supreme Court to act thereon, are stated in the opinion.

*Mr. James M. Beck* and *Mr. Francis J. Heney,* with whom *Mr. Eugene S. Ives* was on the brief, for plaintiff in error:

The jurisdiction of this court on the former appeal was limited to the single question of law, do the findings of fact support the judgment? And consequently that was the subject-matter of the proceeding here. *Zeckendorf* v.

*Steinfeld,* 225 U. S. 445; *Eagle Mining Co.* v. *Hamilton,* 218 U. S. 513; *Idaho Land Co.* v. *Bradford,* 132 U. S. 513.

This court in the exercise of such appellate jurisdiction cannot and will not supply, by intendment or inference, any missing material fact, even if there were sufficient evidence or sufficient probative facts in the findings, from which the lower court might have inferred such missing material fact. *Sun Ins. Co.* v. *Ocean Ins. Co.;* 107 U. S. 485; *Burr* v. *Des Moines Co.,* 68 U. S. 99; *Hecht* v. *Boughton,* 105 U. S. 235; *Lincoln* v. *French,* 105 U. S. 614; *Dower* v. *Richards,* 151 U. S. 659; *Wilson* v. *Merchants' Trust Co.,* 183 U. S. 121; *Raimond* v. *Terrebonne Parish,* 132 U. S. 192; *Lehnen* v. *Dickson,* 148 U. S. 71; *Barnes* v. *Williams,* 11 Wheat. 414; *Powers* v. *United States,* 119 Fed. Rep. 563; *The E. A. Packer,* 140 U. S. 360.

*French* v. *Edwards,* 21 Wall. 147, as construed in *French* v. *Edwards,* 91 U. S. 423, and *Ex Parte Medway,* 90 U. S. 504, are on all fours with the case at bar.

The mandates of this court are to be interpreted according to the subject-matter of the proceeding here, and, if possible, so as not to cause injustice. *Supervisors* v. *Kennicott,* 94 U. S. 449.

Steinfeld has never had his day in court on these questions of fact.

Whenever a trial court fails to find any material fact by reason of a wrong theory of the case adopted either by itself or an intermediate appellate court, the court of last resort, if it reverses the judgment, should direct or at least authorize a new trial to prevent injustice to appellee or defendant in error. *Edmonston* v. *McLoud,* 16 N. Y. 543; *Griffin* v. *Marquardt,* 17 N. Y. 28; *Ball* v. *Rankin,* 101 Pac. Rep. 1105.

When an appellate court, on the evidence as it is presented in the record, or on findings of fact which are conclusive upon it reverses, generally, the judgment of the

lower court, an appellee or defendant in error is entitled as a matter of right to a retrial of the case, and the mandate of this court should be interpreted accordingly. *Lincoln* v. *French*, 105 U. S. 614; Elliott's App. Pro.; § 580; *Talcott* v. *Delta Land Co.*, 73 Pac. Rep. 256; *Faulkner* v. *Healy*, 107 California, 49; *Stearns* v. *Aguirre*, 7 California, 443; *Prentice* v. *Crane*, 88 N. E. Rep. 655; *Ryan* v. *Tomlinson*, 39 California, 639.

Should the court, however, conclude that its opinion and decision on the former appeal must be interpreted as in effect an instruction to the trial court to enter judgment against Steinfeld on the first cause of action, then, nevertheless, that judgment is erroneous, and is too large by $101,059.99. *In re Washington*, 140 U. S. 92; *Himely* v. *Rose*, 5 Cranch, 312; *McMannomy* v. *Chi. D. & V. R. Co.*, 47 N. E. Rep. 713.

*Mr. Frank H. Hereford, Mr. Edwin A. Meserve* and *M.· Selim M. Franklin*, with whom *Mr. Edwin F. Jones* was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case first came here by appeal from the Supreme Court of Arizona while Arizona was still a territory. Before the decision by this court Arizona became a State, and the judgment, so far as now in controversy, having been reversed, the case was remanded "for such further proceedings as may not be inconsistent with the opinion of this Court," the formula usual in cases coming from a State. 225 U. S. 445, 459. The ground for the present attempt to reopen the merits is that the state court has misinterpreted the mandate that it received. *Martin* v. *Hunter*, 1 Wheat. 304, 354. See *Julian* v. *Central Trust Co.*, 193 U. S. 93.

The case is stated at length in the former decision. All

that is necessary to explain the present question may be put in shorter form. The suit was brought by Zeckendorf as a stockholder in the Silver Bell Mining Company to recover money alleged to belong to the Company and appropriated by Steinfeld. There was a further cause of action alleged but that has been disposed of. The money represents the proceeds of the Silver Bell mine and a group of mines adjoining the Silver Bell and purchased by Steinfeld, it was assumed by the parties, as trustee for the company. Steinfeld sold all the mines for $515,000, $115,000 cash, $400,000 in notes for $100,000 each, and his action was confirmed. At the time of the conveyance to the purchaser it was agreed by a contract in writing that the purchase price should belong to the Silver Bell Copper Company, and in the same instrument it was provided that the four notes should be held by Steinfeld as trustee and as security against his personal obligations in the matter. Steinfeld received the cash and the proceeds of the first two notes, paid certain liabilities of the company and deposited the residue, except $50,000 attached in his hands, in the Bank of California in his own name.

In December, 1903, Zeckendorf brought a suit to restrain the turning over of the deposited funds by the bank to Steinfeld, and on December 26, 1903, a stockholders' meeting was held at which all parties were represented and a vote of rescission was passed upon which the present question arises. For Steinfeld it is argued that the whole agreement was rescinded. The other side contends that the rescission went only to the clause giving Steinfeld a right to the personal custody of the money. The directors, consisting of Steinfeld and his creatures, although not understanding the rescission to go beyond the indemnity clause, passed a vote behind Zeckendorf's back under which the proceeds of the sale were divided and one-half given to Steinfeld. After the judgment of this court the state court conceived itself bound by the mandate to

enter judgment for the plaintiff and did so. It now is contended on Steinfeld's part that he never has had his day in court to present his case; for, it is said, the territorial court simply ruled as matter of law that the vote of rescission rescinded the contract *in toto*, and this court, if it thought, as it did that the ruling was wrong, properly could do no more than to send the case back for a finding of fact as to the true purport of the vote. If this should be done Steinfeld alleges that he has evidence that he wishes to present.

A court is not necessarily precluded from construing a document because the construction is affected by facts and circumstances not open to dispute. But the question now is not whether this court was right or wrong, but what it did. The mandate issued within the memory of present members of the court, and there is no doubt that the court below did what we intended that it should. In the time of Edward I., Hengham interrupted discussion of the Stat. Westm. II. by saying 'We know it better than you, for we made it.' *Ne glosez point le Statut; nous le savoms meuz de vous, qar nous les feimes.* Y. B. 33 Ed. I. Mich., Rolls Ed., 83. However it may be as to a statute, the objection seems reasonable when applied to a mandate that has been followed as it was meant and the following words among others show clearly enough that we expressed our intent: "In our view, the facts found show that . . . the subsequent attempt to rescind the action by which the proceeds of the sale of the English group of mines became the property of the Silver Bell Company and to give the proceeds to Steinfeld must be held for naught." 225 U. S. 450. If the Territory had not become a State a judgment would have been ordered. The more reserved phrase was used by reason of the change, but with no change in what consistency with our opinion was deemed to require.

We see no reason for supposing that cases were intended

to come to this court from Arizona in other than the usual form. Therefore in any event this appeal would have to be dismissed. To meet this possibility a writ of error was allowed at the last moment. We have considered the record as if made up under the writ. But apart from technical objections that have been urged the only question that would be open is whether the judgment below was inconsistent with the opinion of this court, and as it very plainly is not, there is no reason for disturbing it. Our mandate was not concerned with the allowance of attorneys' fees and some other matters that were argued, and therefore they present no Federal question and need not be considered.

*Appeal dismissed.*
*Judgment affirmed.*