264 U.S. 105 (1924)
EX PARTE: IN THE MATTER OF TRANSPORTES MARITIMOS DO ESTADO, ETC., PETITIONER.
No. 26, Original.
Supreme Court of United States.
Argued January 7, 8, 1924.
Decided February 18, 1924.
PETITION FOR WRIT OF PROHIBITION AND/OR MANDAMUS.
Mr. F. Dudley Kohler for petitioner.
Mr. E. Curtis Rouse for respondents.
*107 MR. JUSTICE McREYNOLDS delivered the opinion of the Court.
By this original petition the duly accredited Minister of the Republic of Portugal asks for the writ of prohibition or mandamus to prevent further action in the proceeding instituted by Stephen Ransom Dry Dock & Repair Corporation in the District Court at New York, April 14, 1921, to enforce payment for services and materials furnished the Sao Vicente. Recognizing the high consideration always due diplomatic representatives of friendly nations, we entertained the petition and directed a rule to show cause why relief should not be granted. The return is here and, after hearing oral argument, we think the court below acted within its jurisdiction and with due regard to the rights of all concerned.
The original libel in rem, filed April 14, 1921, claimed for supplies and labor furnished the Sao Vicente and prayed for condemnation and sale of the vessel. April 15th Transportes Maritimos do Estado intervened as the true owner having possession when process issued; the customary stipulation for value, bond and release of the ship followed.
Answering by proctor, May 31, 1921, the vessel denied liability and objected to the jurisdiction because it was "owned and operated by Transportes Maritimos do Estado, a department of the sovereign foreign government of Portugal as aforesaid, and that it cannot be sued in any of the courts of the United States without its consent and that this action is in substance and effect an action against the government of Portugal and as such is not maintainable against this respondent." An interlocutory decree of June 9, 1923, directed the master to ascertain the amount due.
July 5, 1923, the present petitioner filed a formal suggestion. He stated that the general appearance by *108 counsel retained by the Vice Consul General of the Republic of Portugal was unauthorized by his government and that the vessel was owned and operated by Transportes Maritimos do Estado, a department of the sovereign government of Portugal. He protested against exercise of jurisdiction by the court and asked that the proceedings be dismissed. The Secretary of State gave no sanction or approval to this course, but certified the diplomatic position of the Minister. Upon motion the suggestion was stricken from the files. Final judgment for the libellant followed and, upon appeal, the Circuit Court of Appeals affirmed this with interest and damages, October 1, 1923. No proper steps were taken to secure an orderly review by this court.
Plainly the trial court obtained jurisdiction over the res and, in the absence of any claim of immunity, it would have been required to render judgment. It had power to consider and pass upon both form and substance of any objection to its jurisdiction because of ownership and to decide whether it should proceed under the circumstances. There was a plain way to seek review here if the defeated party had so desired.
We find no adequate ground for granting the extraordinary relief now asked. There has been ample time and opportunity for advancing the claim of immunity in the customary manner. Ex parte Muir, 254 U.S. 522; The Pesaro, 255 U.S. 216, 218, 219; Ex parte Hussein Lutfi Bey, 256 U.S. 616, 619.
Rule discharged and petition dismissed.