## BRICTSON MFG. CO. v. MUNGER, District Judge, et al.

Circuit Court of Appeals, Eighth Circuit.
June 13, 1927.

No. 318.

**1. Courts ⬅404—Circuit Court of Appeals may enforce its decrees and mandates by mandamus.**

Circuit Court of Appeals has jurisdiction to compel enforcement of its decrees and mandates by mandamus.

**2. Mandamus ⬅7—Mandamus is not writ of right, and issues only as matter of sound judicial discretion.**

Mandamus is not a writ of right, but its issue is a matter of sound judicial discretion.

**3. Mandamus ⬅3(I)—Mandamus will issue only in absence of any other remedy.**

Mandamus will be granted only when it is clear there is no other remedy.

**4. Mandamus ⬅4(I)—Mandamus cannot be employed as substitute for usual modes of review.**

Mandamus is not permitted to be employed as a substitute for the ordinary modes of review.

**5. Mandamus ⬅187(9)—Whether trial court has followed mandate may be examined on appeal, as affecting right to mandamus.**

As affecting right to mandamus, question whether trial court has followed a mandate may be examined on appeal.

**6. Mandamus ⬅58—Mandamus to compel compliance with mandate directing discharge of receiver held unwarranted, on ground that petitioners, because of receivership, were financially unable to prosecute appeals from decrees of District Court entered pursuant to mandate.**

Mandamus to compel District Judge to comply with mandate directing discharge of receiver *held* unwarranted, on ground that petitioners, by reason of the receivership, were without financial ability to prosecute appeals from decrees of District Court purporting to have been entered pursuant to mandate.

Motion for Leave to File Petition for Writ of Mandamus.

Original motion by the Brictson Manufacturing Company for leave to file a petition for mandamus to be directed against T. C. Munger, United States District Judge for the District of Nebraska, and others. Motion denied.

M. E. Culhane, of Minneapolis, Minn., and Frank L. Weaver and Wiliam M. Giller, both of Omaha, Neb., for petitioner.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is an application by the Brictson Manufacturing Company for leave to file a petition for a writ of mandamus and to have issued thereon a show cause order against Hon. T. C. Munger, United States District Judge for the District of Nebraska.

The matters involved here occurred in the receivership proceedings of the Brictson Manufacturing Company. Other phases of that litigation appear in this court in Brictson Manufacturing Co. v. Close et al., 280 F. 297, Brictson Manufacturing Co. v. Woodrough, Judge, 284 F. 484, Brictson Manufacturing Co. v. Woodrough, Judge, 289 F. 1020, and Culhane v. Anderson, 17 F.(2d) 559, where the course of that litigation may be traced. Here it is necessary to state only such phases thereof as are pertinent to this application. The Close opinion determined that a receiver for the Brictson Manufacturing Company had been wrongfully appointed and that the receiver should "be required to return all property in his hands to those from whom he received it, that he be thereupon discharged, and that the bill be dismissed at complainants' costs" (page 301). Had such directions of this court been carried out, much, if not all of the subsequent complications and harassments might have been avoided. But they were not. Two results of such failure were the second and third appeals (mandamus against Judge Woodrough, 284 F. 484, and 289 F. 1020). Subsequent to the above proceedings, Judge Woodrough was disqualified and the further proceedings were before Judge Munger.

In 1921 and in 1924, lands of the company (then in possession of the receiver) were sold for state taxes and a tax deed issued in May, 1926. The holder of the tax deed executed a quitclaim deed to Mark J. Rosso who made repairs and improvements on the property. The company filed a petition to have these deeds declared void. Trustees (appointed under a state statute of Nebraska regulating disposition of the property of certain corporations), who claimed the right to possession and administration of the company's property within Nebraska, took similar action. Judge Munger heard these matters.

Judge Munger had hearings, also, on (1) an application of O. A. Brictson (filed October 9, 1925) to have the receiver turn over the property; (2) an application of the company for an order on the state Attorney General and the above trustees to show cause why the property should not be turned over to it; (3) reports of the receiver and the objections thereto of the company.

Upon the above matters, Judge Munger entered a decree on November 3, 1926, and a supplemental decree on November 27, 1926. January 31, 1927, the company appealed from the above decrees. A statement of the evidence therein has been approved and the appeals are pending in this court. March 21, 1927, Judge Munger extended the time for filing transcript in this court to May 30, 1927.

The petition for the writ, covered by this application, sets forth that the company and Brictson have been so impoverished by the taking and holding of the company's property in the receivership proceedings and by other attendant litigation that they have no funds with which to prosecute these appeals further.

The petition is based on the theory that the above decrees of Judge Munger are in violation of the mandates of this court sent down on the prior proceedings in this court. The basis of jurisdiction in this court to entertain the mandamus is stated to be to protect the orders and mandates of this court. The reason for exercising such extraordinary jurisdiction is stated to be as follows:

"That mandamus is the only remedy that will give the Brictson Manufacturing Company the relief that it needs, is entitled to, and must have, otherwise it will suffer irreparable injury and loss, since its funds and property have at all times since the 3d day of September, 1921, been and still is in the hands of Ralph M. West as receiver, because of the failure first of Hon. J. W. Woodrough and later and at the present time, because of the failure of Hon. T. C. Munger to enforce the carrying out of the terms of the mandate of this court hereinbefore referred to and set forth. That because of the foregoing facts, the assets and property of the Brictson Manufacturing Company has since the 3d day of September, 1921, and still is, impounded so that it cannot use the same to pay the fees of the clerk of the District Court of the United States for the District of Nebraska, Omaha Division, as well as the costs of the printing of the record on appeal and its briefs, and the fees of the clerk of the United States Circuit Court of Appeals in connection with the appeals hereinbefore mentioned. That if Ralph M. West, the receiver, had or would or does turn over to the Brictson Manufacturing Company, its property in his hands, it could and would be able to pay the foregoing costs and expenses and proceed with its appeals above mentioned without delay."

[1] We have no doubt of the jurisdiction of this court to compel the enforcement of its decrees and mandates by mandamus. In re Louisville, 231 U. S. 639, 34 S. Ct. 255, 58 L. Ed. 413; In re Sanford Fork & Tool Co., 160 U. S. 247, 255, 16 S. Ct. 291, 40 L. Ed. 414.

[2-5] We do not question our power to issue the writ in the present proceedings. However, mandamus is not a writ of right, but its issue is a matter of sound judicial discretion. Duncan Townsite Co. v. Lane, 245 U. S. 308, 311, 38 S. Ct. 99, 62 L. Ed. 309; Turner v. Fisher, 222 U. S. 204, 209, 32 S. Ct. 37, 56 L. Ed. 165. It will be granted only when it is clear that there is no other remedy. Ex parte American Steel Barrel Co., 230 U. S. 35, 45, 33 S. Ct. 1007, 57 L. Ed. 1379. Nor is the writ permitted to be employed as a substitute for the ordinary modes of review (appeal and writ of error). Ex parte Transportes Maritimos, 264 U. S. 105, 44 S. Ct. 236, 68 L. Ed. 580; Ex parte Riddle, 255 U. S. 450, 41 S. Ct. 450, 55 L. Ed. 725; Ex parte Tiffany, 252 U. S. 32, 40 S. Ct. 239, 64 L. Ed. 443; United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333; Ex parte Roe, 234 U. S. 70, 34 S. Ct. 772, 58 L. Ed. 1217; Ex parte First Nat'l Bank, 228 U. S. 516, 33 S. Ct. 591, 57 L. Ed. 946. Whether a trial court has followed a mandate may be examined on appeal. Steinfeld v. Zeckendorf, 239 U. S. 26, 36 S. Ct. 14, 60 L. Ed. 125.

[6] Here, the very matters sought to be presented by the petition for the writ are preserved in the pending appeals from the same decrees. The matter of poverty is no reason why this court should act by mandamus instead of upon the appeals. The statutes provide means of prosecuting appeals by persons unable to bear the costs and expenses thereof. Again, we would need the same record in the mandamus proceeding as would be used in the appeals. We fail to see any advantage the petitioner could gain by the writ other than a slightly earlier hearing and determination in this court. Such a reason is not alone sufficient to justify the employment of the extraordinary writ of mandamus.

We think a sound judicial discretion requires a denial of the application to file the petition and, for that reason, it is denied.