**In re KELLER.**

[Cite as *In re Keller* (1989), 65 Ohio App.3d 650.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56290.

Decided Dec. 18, 1989.

_____

*Paul J. Mikus,* for appellants.

*James B. Koplow,* for appellee.

*Robert Walkowiak* and *Theodore Sliwinski,* for Joseph Keller.

MATIA, Presiding Judge.

Appellants, twelve native Czechoslovakians, hereinafter called "Czechoslovakian heirs," were adjudged by the Probate Court of Cuyahoga County to be heirs of the estate of decedent Joseph Keller,[1] and hereby appeal from the judgment of the probate court authorizing the payment of attorney fees from the estate to appellee, James B. Koplow, for legal services rendered on behalf of the two remaining heirs, Mary E. Pancoast and Clemens Yawaski (now deceased) of Pennsylvania, called the "Pennsylvanian heirs" herein.

The herein parties and another litigant (appellants Czechoslovakian heirs, the appellee Koplow, and other heirs referred to as the Pennsylvanian heirs) have been before this court before. In another prior unsuccessful appeal filed by the instant appellee Koplow on behalf of the Pennsylvanian heirs, said Pennsylvanian heirs contested the probate court's determination that the Czechoslovakian heirs were entitled to a statutory share of the decedent's estate, along with the clients of the instant appellee (Koplow) (who are also cousins of the decedent). See *Matuszewski v. Pancoast* (1987), 38 Ohio App.3d 74, 526 N.E.2d 80. As noted in the facts of that officially reported opinion, Joseph Keller died intestate on January 25, 1983. On March 25, 1983, the probate court appointed John J. Matuszewski as the administrator of the estate. Matuszewski hired attorney Robert J. Walkowiak to represent him as administrator.

The underlying probate court case of *In re Joseph Keller, Deceased*, has been the battleground of much controversy, both among the heirs themselves and between the heirs and the administrator. *Only facts which bear on the present fee payment issue of the probate court's award of attorney fees to appellee Koplow will be reviewed and discussed herein.*

The specific judgment upon review is a July 11, 1988 amended judgment entry providing as follows:

"This matter is before the Court on an Application of James B. Koplow for Attorney Fees.

"The Court finds that the services rendered by James B. Koplow to the Estate of Joseph Keller were beneficial to the estate.

"The Court further finds that $4,690 is a fair and reasonable amount to pay Mr. Koplow for his services.

---

1. These twelve persons are as follows: (1) Josef Nemec, (2) Oldrich Nemec, (3) Rudolf Nemec, (4) Karel Nemec, (5) Jindrich Nemec, (6) Zdenek Nemec, (7) Frantiska Folwarczna, (8) Zdenka Dzidova, (9) Emilie Oralkova, (10) Karel Komender, (11) Danuse Burkotova, and (12) Jiri Wisniowski.

"Therefore, it is ordered that John J. Matuszewski, Administrator of the estate of Joseph Keller, is authorized to pay attorney fees in the amount of $4,690 to attorney James P. Koplow."

This judgment was the result of appellee Koplow's having filed, on December 3, 1987, an application for attorney fees requesting compensation from the estate for 58.9 hours of legal services *benefiting the entire estate, and not solely his own clients*. The application included a detailed time schedule and prayed for $6,479 proposing an hourly rate of $110. On January 12, 1988, appellants filed their "Objection to Allowance of Attorney Fees" and on February 2, 1988, the matter was heard by a referee of the probate court. No transcript of the proceedings was taken.

The referee's report, submitted February 26, 1988, and adopted over objection by judgment entry of May 16, 1988, recommended that appellee be awarded pay for his services to the estate for $5,000, representing 46.9 hours of legal services at the reasonable hourly rate of $100. The referee carefully disallowed payment for twelve of the listed hours spent "in representation of the paternal heirs, Mr. Koplow's client," but erred in his multiplication of hours of time and hourly rate, presumably necessitating the amended judgment entry of July 11, 1988 referred to above. Also on July 11, 1988, the probate court filed its findings of fact and conclusions of law, in response to appellants' request, which reads as follows:

"FINDINGS OF FACT

"1. James B. Koplow, is attorney for two heirs to the Estate of Joseph Keller, deceased, Clemens Yawaski and Mary Pancost [*sic*].

"2. Attorney James B. Koplow was not employed by John J. Matuszewski, the Administrator of the Estate of Joseph Keller.

"3. Attorney James B. Koplow performed 58.9 hours of service during the administration of the estate of Joseph Keller of which 46.9 hours were beneficial to the estate of Joseph Keller.

"4. Attorney Koplow was not paid by Clemens Yawaski and Mary Pancost for his services.

"The sum of $100 an hour is a reasonable rate for attorney fees in the estate of Joseph Keller.

"CONCLUSIONS OF LAW

"1) Findings of fact of a Referee in a report and opinion are conclusive when a transcript of the hearing before the referee is not taken.

"2) 2113.26 [*sic*] * * *. When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as part of the expenses of administration. The

court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof. * * *

"3) Equity entitles counsel not hired by the administrator who rendered services which benefitted the particular estate to reasonable fees. 1 NP (NS) 197, 49 B 568 (Prob, Hamilton 1902), *In re Estate of Oskamp.*

"4) The court finds that John J. Matuszewski, administrator of the estate of Joseph Keller, should be authorized to pay reasonable fees in the amount of $4,690 to James P. Koplow for services rendered to the estate of Joseph Keller."

A motion for new trial filed by appellants was denied July 25, 1988, and timely notice of appeal to this court was effected on August 22, 1988.

It is important to emphasize at the outset that the record clearly reveals that the probate court authorized the payment of fees to appellee Koplow from the estate only to the extent that appellee's services benefited the *entire* estate, including appellants herein. Services rendered on behalf of appellee's Pennsylvanian clients to the exclusion of, or in opposition to, the remaining Czechoslovakian heirs, such as the action previously before this court, were excluded, as were services for which Koplow had already been paid by his clients.

Examples of such compensable services, benefiting the whole estate, finding evidence in the record include:

1. Appellee Koplow's representation of the two Pennsylvanian heirs in a motion to remove Matuszewski as administrator, filed July 11, 1983 in response to Matuszewski's June 20, 1983 petition for allowance of $6,495. A hearing on these two motions was held on August 12, 1983 before a referee of the probate court. Appellee Koplow was the only attorney present in opposition to Matuszewski's exorbitant request, since appellants had not yet entered this litigation. A transcript of such hearing appears in the record revealing that appellee Koplow effected a $1,000 settlement of the $6,495 claim, reflected in an August 24, 1983 judgment entry. The motion to remove Matuszewski was continued by agreement of the parties, but was never ruled on by the probate court.

2. Appellee Koplow's successful representation in the dispute over several applications filed by administrator Matuszewski seeking authority to pay attorney fees from the estate to his lawyer, Robert J. Walkowiak, in the total amount of $24,922.50. Both appellee Koplow and appellants' attorney objected to the applications, and a hearing was held before a referee. A report of the referee filed September 21, 1987 recommended denial of administrator

Matuszewski's claims in full, finding that Walkowiak had abused his discretion in a "patently unconscionable" manner by already having charged the estate for more than $8,000 *for his services as funeral director,* and then attempting to obtain further compensation for his services as attorney for the estate. The parties ultimately settled the nearly $25,000 claim for $5,000, reflected in a judgment entry of November 13, 1987.

3. Appellee Koplow's services in successfully excepting to Matuszewski's third partial account. Appellee Koplow was the only attorney, acting for the benefit of all heirs, at a hearing on exceptions filed by appellee to the administrator's third partial account. The record contains a transcript of such hearing, wherein evidence was presented leading to a referee's report of October 7, 1986 in which it was concluded that administrator Matuszewski abused his discretion by making improper payments out of the estate totaling $3,802.91. That amount represented payments Matuszewski made *to his wife* for rent, repairs, and redecorating, allegedly owed by the decedent, who was a tenant in the Matuszewskis' home. The administrator fruitlessly argued that rental payments, made for more than a year after the decedent's death, were justified since the decedent damaged the apartment, making repairs necessary which were not completed until more than a year after his death. The referee recommended that administrator Matuszewski be ordered to repay the estate for allowing the improper payments, and on February 23, 1987, the probate court ordered Matuszewski to pay the estate $3,802.91.

Appellants herein seek to effect a reversal of the probate court's grant of attorney fees from the estate to appellee Koplow in the amount of $4,690 for services benefitting the whole estate. Appellants timely assign five errors for our review.

Appellee assigns the following errors on the part of the trial court:

## ASSIGNMENTS OF ERROR

"1. The court erred in awarding fees to an attorney, from the corpus of the estate, when said attorney acted in a manner adverse to and antagonistic to the estate.

"2. The court erred in awarding attorney fees for services rendered when no evidence of the reasonable value of those services was presented to the court.

"3. The court erred in awarding attorney fees from the corpus of an estate when the attorney had a private fee agreement with his clients and received a fee from them for services rendered.

"4. The court erred in awarding attorney fees in that Ohio Revised Code Section 2113.36 does not provide for the payment of fees from the corpus of the estate for counsel employed by one other than the executor or administrator.

"5. The court erred in awarding attorney fees in that said award is in direct conflict with other districts, in that claims for attorney fees by counsel other than the attorney for the fiduciary was denied."

The five assignments of error raise the issue of what and when are reasonable attorney fees allowed in probate litigation. Since all of appellants' assignments of error raise common issues of law and fact, we consider them together.

R.C. 2113.36 provides in pertinent part:

"When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."

The payment of reasonable attorney fees lies within the sole discretion of the probate court. Our standard of review was set forth in the case of *Watters v. Love* (1965), 1 Ohio App.2d 571, 579, 30 O.O.2d 595, 599, 206 N.E.2d 39, 45:

"Exclusive original jurisdiction to determine reasonable attorney fees being in the Probate Court, the only questions before the Court of Appeals on appeal on questions of law are whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law. If either against the. manifest weight of the evidence or contrary to law, final judgment of modification cannot be rendered on reversal, but the cause must be remanded to the Probate Court for further proceedings according to law."

The probate court is guided by the following general rule:

"Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable." *Love, supra,* at 578, 30 O.O.2d at 599, 206 N.E.2d at 45; *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 20 O.O. 163, 184 N.E.2d 384; *Ollick v. Rice* (1984), 16 Ohio App.3d 448, 16 OBR 529, 476 N.E.2d 1062; *In re Estate of Zeichmann* (1987), 41 Ohio App.3d 214, 535 N.E.2d 374; Loc.R. 40.1(A) of the Court of Common Pleas of Cuyahoga County, Probate Division. A local rule of court provides more specifically:

"All applications for the allowance of attorney fees shall set forth an itemized statement of the services performed, the date services were performed, the time spent in rendering the services, and the rate charged per

hour." Loc.R. 40.1(B) of the Court of Common Pleas of Cuyahoga County, Probate Division; see, also, C.P.Sup.R. 40(G).

Appellants' fourth assigned error raises an issue of first impression in this jurisdiction, and requires our primary consideration. The question is whether an Ohio probate court may authorize the payment of attorney fees to one who was not employed by the executor or administrator of the estate. We find that, in rare cases, it may. See *Oskamp, supra.*

■ While a cursory glance at R.C. 2113.36 may lead one to conclude that the court can authorize payment only to attorneys "paid by the executor or administrator," equity and common sense militate toward a slightly broader interpretation in cases of this sort. We hold that, in unusual circumstances such as those presented in the instant case, a probate court may allow payment of reasonable fees from the estate to an attorney employed by an heir or beneficiary where such attorney's services were necessarily and successfully rendered to the benefit of the whole estate.

It is clear that Ohio probate courts have equitable powers. R.C. 2101.24(C); *In re Estate of Colosimo* (1957), 104 Ohio App. 342, 5 O.O.2d 24, 149 N.E.2d 31. As a general equitable rule, it has been held that an allowance may be made out of the decedent's estate for the services of attorneys for beneficiaries where those services are beneficial to the entire estate. See Annotation (1941), 142 A.L.R. 1459–1479, and supplements. Our holding results in part from application of a well-established and generally recognized rule of equity, the "common fund theory" of recovery. The appellate court in the case of *In re Estate of Brown* (Ariz.App.1983), 137 Ariz. 309, 670 P.2d 414, stated the rule in the following manner:

" * * * [A] person or persons who employ attorneys for the preservation of a common fund may be entitled to have their attorney's fees paid out of that fund. *Steinfeld v. Zeckendorf,* 15 Ariz. 335, 138 P. 1044 (1914), *affirmed,* 239 U.S. 26, 36 S.Ct. 14, 60 L.Ed. 125 (1915)."

This rule operates as a narrow exception to the general rule that attorney fees are allowed only pursuant to statute or contract, and is based upon well-founded principles, to wit:

" '[F]airness to the successful litigant, who might otherwise receive no benefit because his recovery might be consumed by the expenses; correlative prevention of an unfair advantage to the others who are entitled to share in the fund and who should bear their share of the burden of its recovery; encouragement of the attorney for the successful litigant, who will be more willing to undertake and diligently prosecute proper litigation for the protection or recovery of the fund if he is assured that he will be promptly and

directly compensated should his efforts be successful.' *Estate of Korthe* (1970), 9 Cal.App.3d 572, at 575, 88 Cal.Rptr. 465, at 467."

It is of interest to note that the court in *Brown, supra,* was faced with a probate statute functionally indistinguishable from R.C. 2113.36, and squarely confronted the issue of whether such legislation necessarily denies a probate court the ability to allow attorney fees in cases such as that *sub judice.* The court held that while their statute, like our own, may have an implied limitation on the allowance of payment to any attorney other than one working for the fiduciary for the estate, such an implication does not displace the "general rule of equity" relating to payment upon the basis of the common fund theory, when the probate court has been vested with general equitable powers. Several courts have allowed attorney fees from the estate to counsel who, while not hired by the executor or administrator, have benefited the entire estate. In *Estate of Murray* (Mo.App.1984), 682 S.W.2d 857, the appellate court held that the probate court had equitable discretion to award attorney fees to an attorney hired by an heir with a one-seventh interest for services rendered in proceedings against the administrator concerning an accounting, and in an action to remove the administrator. The court in *Murray, supra,* at 858–859, stated that:

" * * * [E]xpenses incurred by a beneficiary of an estate, rather than the personal representative, must be shown to be beneficial to the estate as a whole rather than to just individuals interested therein. As a general principle, the allowance of attorney fees under the criteria of 'equitable balancing of benefits' is governed by the rule * * * that 'very unusual circumstances' must be shown. As to this specific situation, where a beneficiary of an estate is seeking an allowance for attorney fees from the estate based upon an action for an accounting from and removal of a personal representative, there should exist the requirement that not only must the action have been successful, but that the. result is beneficial to the estate." (Citations omitted.)

Moreover, from a review of the cases brought forth in the Annotation, *supra* (entitled "Allowance out of Decedent's Estate for Services Rendered by Attorney not Employed by Executor or Administrator"), it is clear that compensability from the estate is based upon *benefit to the estate:*

" * * * [T]he test of benefit to the estate being whether or not all the beneficiaries or distributees of the estate, in their capacities as such, have become entitled to receive from the assets of the estate, when distributed, greater sums than those which they would have received had such attorney's services not been rendered, and upon the principle that if the estate representative is derelict in the performance of the duty of reducing to his possession all the assets of the estate, requiring its performance by another interested in

the estate, the legal activity of the latter is in a representative rather than in an individual capacity, and he is obviously acting in the place of the representative of the estate and is entitled to pro rata subrogation to his rights in respect to allowance out of the estate for the services of his attorney." *Id.* at 1467, citing, *inter alia, In re Smith's Estate* (1938), 167 Misc. 95, 3 N.Y.S.2d 503.

Thus, our holding is especially applicable to situations in which the diligence or fidelity of the estate's fiduciary is suspect. The court in *Brown, supra,* 137 Ariz. at 313, 670 P.2d at 418, noted:

" * * * [W]here the personal representative has a conflict of interest with the estate so that with respect to some claim of the personal representative the estate is virtually unrepresented, it is preferable to allow the court to consider whether those who in fact confer a benefit on the common fund should recover fees expended in the effort to do so." [2]

It must be noted, however, that an attorney applying for such payment must present himself before the equity court "with clean hands." The court in *In re Estate of Chrisman* (Mo.App.1986), 723 S.W.2d 484, 487, clarified the *Murray* test as follows:

" * * * [A] court is not justified in allowing payment of attorney fees and expenses out of the estate 'when the beneficiaries litigate questions capriciously or without reason; if the issues are immaterial or trifling, or if the conduct of a party is vexatious and litigious, or if he raises improper points, or in any way creates unnecessary delay or expense....' *Coates v. Coates,* 316 S.W.2d 875, 878 (Mo.App.1958) (quoting 90 C.J.S. *Trusts* § 261(9) at 322 (1955))."

Further, it should be emphasized that the probate court must apply this rule sparingly, and presumably only in cases in which the attorney for the estate, if any, is for some reason unable or unwilling to effect the result obtained by the attorney seeking payment. As the court noted in *Becht v. Miller* (1937), 279 Mich. 629, 638, 273 N.W. 294:

"A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence or fraud of the legal representative of the estate."

---

**2.** The same would hold true in cases, such as the instant case, where the "personal representative" is negligent, as Matuszewski was resulting in the probate court's citation of him for failing to file an initial account. In this vein, we also note that Matuszewski's dealings, as personal representative of the estate, with his wife certainly presented a "conflict of interest."

The Ohio Supreme Court exercised such caution, and implied that fees might be awarded to beneficiaries' attorneys, in the case of *Kirkbride v. Hickok* (1951), 155 Ohio St. 165, 44 O.O. 153, 98 N.E.2d 4, wherein the court disallowed fees from the estate to attorneys for beneficiaries of a will where such beneficiaries were clearly not acting for the benefit of the whole estate. The high court indicated, however, that:

"It may be confidently stated that this court will not condemn or thwart the allowance of reasonable expenses and attorney fees *in an appropriate case.*" (Emphasis added; *Kirkbride, supra,* at 170, 44 O.O. at 155, 98 N.E.2d at 7.)

It is expected that the rule announced herein will be applied quite seldom, and only where the interests of justice so require, as in the case presently before us.

■ In the instant case, Koplow's services unquestionably benefited the whole estate of Joseph Keller in several ways: in successfully defeating administrator Matuszewski's excessive requests for personal compensation; in seeking to remove Matuszewski (whom the probate court found had abused his discretion in his dealings with his wife); in successfully and substantially diminishing the almost $25,000 claim for compensation from the estate sought by funeral director/attorney Walkowiak (whom the probate court found had abused his discretion by placing himself in conflicting positions); and in successfully contesting Matuszewski's ridiculous third partial account. The entire estate benefited from Koplow's services and the probate court did not abuse its discretion in authorizing payment therefor.

Appellants' fourth assignment of error is not well taken.

As for appellants' fifth assignment of error, we refer to our Loc.App.R. 19 which provides that citations to unreported decisions must be accompanied with copies of such cases. In contravention of such rule, appellants' neglect to attach copies of the case of *Sardi v. Barlow* (Dec. 14, 1988), Lorain County App. No. 4345, unreported, 1988 WL 134250. In *Sardi*, the attorney for the instant appellants, who represented an intestate heir, applied for fees and was denied. *Sardi* is easily distinguishable from the instant case, however, since the applicant's client was not acting for the benefit of the estate in individually contesting the validity of a will under which she was not named as a beneficiary. *Sardi* does not conflict with our decision herein.

Regarding appellants' first and third assignments of error, a review of the record clearly reveals that the probate court specifically excluded, and appellee Koplow did not request, compensation for services which appellee rendered which might arguably be considered "adverse" to the estate, such as the action previously before this court to determine heirs. Moreover, the record

contains evidence that the probate court excluded services rendered by appellee Koplow for which he had already arranged compensation directly from his clients. There is certainly no evidence to the contrary.

Finally, with regard to appellant's second assignment of error contesting the weight of the evidence, we find that the probate court had competent, credible evidence of the reasonable value of appellee Koplow's dutifully itemized services. See C.P.Sup.R. 40(G); Loc.R. 40.1(B) of the Court of Common Pleas of Cuyahoga County, Probate Division; DR 2–106 of the Code of Professional Responsibility. For the foregoing reasons, we find appellants' assigned errors not well taken. Appellants have demonstrated no abuse of discretion on the part of the probate court.

The judgment is affirmed.

*Judgment affirmed.*

JOHN F. CORRIGAN and PAUL H. MITROVICH, JJ., concur.

PAUL H. MITROVICH, J., of the Lake County Common Pleas Court, sitting by assignment.