OPINION
Appellant, the law firm of Dyer, Garofalo, Mann 
Schultz, appeals a decision of the Butler County Probate Court denying its application for an order authorizing payment of attorney fees and "suit expenses" incurred in its representation of a minor, Casey N. Stillwell.
Casey was injured in a car accident in January 1997. Her mother, Debra Stillwell, retained appellant on a contingent fee basis to act on behalf of Casey. A contingent fee agreement was signed on February 13, 1997 and called for a "thirty-three and one-third percent (33 1/3%) of any net recovery made" plus listed categories of expenses. The fee agreement was not submitted to the probate court for pre-approval as required by the applicable Rules of Superintendence.
On April 20, 1998, appellant filed an application for court approval to settle Casey's claim for $8,700. The application included attorney fees of $1,913.14 and suit expenses of $282.50. The probate court held a first hearing on May 11, 1998. Appellant was present. Because Casey was still experiencing pain, which she and her mother believed was a direct result of the accident, the probate court refused to approve the settlement, including attorney fees and expenses. In June 1998, Debra Stillwell terminated appellant's services.
The probate court held a second hearing on the application on June 3, 1999. Appellant was not present. Although the court had an interim statement from appellant somewhat detailing the $282.50 expenses incurred by appellant in representing Casey, no evidence was presented regarding the $1,913.14 attorney fees. By entry filed the same day, the probate court approved the $8,700 settlement offer on behalf of Casey but denied payment of the attorney fees and suit expenses.[1] On the record, the court found that:
 [T]he $8700 figure is fair. I, but I'm not convinced that the attorney services rendered were as useful as they might have been. Or that everything was done from the attorney that could have been done to have gotten the best settlement possible. There is * * * a tendency in large firms that specialize in personal injury type work to just try to get the relatively small cases just settled quickly, because time is money. And one could draw the impression that that approach was taken in this case. And of course, [Casey's attorney] is not here to explain one way or the other. The Court certainly looks disfavorably on the kind of comment that [Casey's attorney] made untruthfully to the insurer of Mrs. McCowan, apparently.[2] And that doesn't give the Court a lot of confidence in the enthusiastic representation of his clients. And he's not here today to present his case as to anything that he is due. And, therefore, I cannot make a finding that he is entitled to the $1913.74 [sic]. Neither can I make a finding that he is entitled to $282.50. * * * [B]ased upon what's before me I can't really make a finding that they are entitled to that fee. Part of what the Probate Court does, again, you know in our role this protecting the minor its [sic] to make sure that if they, minors or mothers of the minors contract for somebody to provide the best legal services that a person can provide, they have a right to expect that. And we have certainly not much evidence here showing that that has been done. And, in fact, we've got some evidence certainly to the contrary, with the lack of attention, at least to getting back with the client, and at least the client's perception that * * * the firm was trying to rush her into settlement when there was no reason to do that. * * * [T]his Court is very reluctant to find that [appellant] earned the fee.
Appellant now appeals and raises as its sole assignment of error that the probate court's denial of the attorney fees and suit expenses incurred in its representation of Casey was an abuse of discretion. Appellant asserts that the attorney fees were found by the court to be appropriate at the first hearing.
We note at the outset that appellant's assertion that the attorney fees were found to be appropriate at the first probate court hearing misrepresents what the probate court stated about the attorney fees at the hearing. The probate court never found the attorney fees to be appropriate, but rather asked Debra Stillwell if she still agreed that the $1,913.14 she had agreed to pay was an appropriate fee. We also note that during oral arguments before this court, Debra Stillwell agreed to pay appellant the $282.50 suit expenses.
The payment of reasonable attorney fees lies within the sound discretion of the probate court. In re Estate of Fugate (1993),86 Ohio App.3d 293, 298. An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law. In re Keller (1989), 65 Ohio App.3d 650,655. Thus, the decision of the probate court must be based upon evidence of the actual services performed by the attorneys and upon the reasonable value of those services. Id.
C.P.Sup.R. 68 governs the settlement of injury claims of minors and states in relevant part that "[t]he application shall state what arrangement, if any, has been made with respect to counsel fees. Counsel fees shall be subject to approval by the court." C.P.Sup.R. 68(B). The fee agreement was never submitted to the probate court for pre-approval. As a result, "[b]y counsel's failure to obtain court pre-approval of a contingent fee contract with regard to [Casey], as required by applicable law, there can be no contingent fee contract binding [Casey]." In reSettlement of Betts (C.P. 1991), 62 Ohio Misc.2d 30, 37.
While contingent fees are proper in civil cases generally, "contingent fee contracts have been especially subject to restriction when the client is a minor, largely because of the obvious possibilities of unfair advantage." Cappel v. Adams
(C.A.5, 1970), 434 F.2d 1278, 1280. "[I]t is incumbent upon the parties seeking to enforce the settlement and its contingent fee arrangement to show that it is reasonable[.]" In re Davis (Dec. 22, 1987), 1987 Ohio App. LEXIS 10397, at *3, Tuscarawas App. No. 87AP060049, unreported. The requirement of reasonableness is also imposed by DR 2-106(B) which sets forth the following factors "to be considered as guides in determining the reasonableness of a fee:"
 (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 (3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
 (5) The time limitations imposed by the client or by the circumstances.
 (6) The nature and length of the professional relationship with the client.
 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
A probate court is not bound by a prior agreement of the parties and may, in fact, when necessary alter and reduce a contingent fee agreement. In re Estate of York (Mar. 15, 1999), Warren App. Nos. CA98-07-076, CA98-07-082, unreported, at 13. However, after reviewing the record, we find that the court abused its discretion in denying the payment of any attorney fees. We agree with the probate court that it is incumbent upon appellant to show the reasonableness of its fees. This is especially true since as a result of appellant's failure to obtain the court's pre-approval of the fee agreement, the agreement is not binding on Casey. This is also true in light of appellant's failure to communicate with Casey and her mother while working on the settlement on behalf of Casey. On the other hand, a complete denial of attorney fees is unreasonable in light of the settlement secured by appellant for the benefit of Casey.
We therefore reverse the probate court's decision and remand the case to the court for it to hold an evidentiary hearing as to the actual services performed by appellant and the reasonable value of those services. Appellant's sole assignment of error is accordingly well-taken and sustained.
Judgment reversed and remanded.
POWELL, P.J., and YOUNG, J., concur.
[1] The amount of attorney fees and suit expenses were set off to Debra Stillwell for "loss of service of th[e] minor."
[2] In a June 1998 letter to the insurance company offering to settle for $8,700, Casey's attorney stated that his attorney fees and suit expenses had been approved by the probate court at the May 11, 1998 hearing. As already noted, the probate court refused to approve the settlement at that hearing, which included the attorney fees and suit expenses.