DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Huron County Court of Common Pleas, Probate Division regarding the payment of attorney fees in the administration of a testamentary trust. Because we conclude that the trial court did not abuse its discretion when it allowed the payment, we affirm.
Appellants, Sophie Beyer and Elizabeth Beyer, were beneficiaries of a testamentary trust; appellee, National City Bank ("NCB"), was the trustee. Along with their own one-third shares, they requested distribution of the share of their deceased sister, Katherine. In a previous appeal to this court, we determined that the state of New Jersey had been improperly included as an interested party in Katherine's share. See National City Bank v. Beyer (Nov. 6, 1998), Huron App. No. H-98-006, unreported. We determined, however, that, while NCB may have unduly delayed the distribution of the trust remainder, appellants had essentially acquiesced to NCB's actions. Id. Thus, we upheld NCB's right to trustee fees and expenses. This decision was affirmed on appeal to the Supreme Court of Ohio. See National City v. Beyers (2000),89 Ohio St.3d 152.
On remand, NCB applied for the payment of $45,237 for attorney fees,[1]
which was granted by the probate court over appellants' objections.
Appellants now appeal that judgment, setting forth the following sole assignment of error:
 "THE PROBATE COURT ERRED IN GRANTING APPELLEE'S APPLICATION TO PAY ATTORNEY FEES WHERE THE TRUST HAS NOT BEEN BENEFITTED, APPELLEE DID NOT PREVAIL ON THE MERITS OF THE CLAIMS BROUGHT BY THE TRUST BENEFICIARIES AND APPELLEE'S ORIGINAL MISTAKE IN MAKING THE STATE OF NEW JERSEY A PARTY DEFENDANT GAVE RISE TO THE NEED FOR THE ATTORNEY FEES IN QUESTION."
The award of attorney fees to a fiduciary for administration of an estate is within the discretion of the probate court. In re Guardianshipof Escola (1987), 41 Ohio App.3d 42, 47. Absent an abuse of that discretion, a reviewing court will not interfere with the probate court's decision. See In re Estate of Ziechmann (1989), 63 Ohio App.3d 717; InRe Keller (1989), 65 Ohio App.3d 650. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The general equitable rule is that, in order to award payment for administrative expenses, the services must be beneficial to the estate.In re Keller, supra, at 656-657. It is not, however, an abuse of discretion to reimburse a fiduciary for successfully defending allegations of misconduct. See Goff v. Key Turst Co. (Dec. 18, 1997), Cuyahoga App. No. 71636, unreported. When the decision of a probate court on a particular issue has been appealed and affirmed, the matter becomesres judicata. See State ex rel. Banaszkewycz v. Merrick (1968),15 Ohio St.2d 234.
In this case, appellants previously argued that the probate court erred in granting trustee fees and expenses because appellee's actions were improper. See National City Bank v. Beyer (Nov. 6, 1998), Huron App. No. H-98-006, unreported. Our decision to affirm the probate court's award was upheld on appeal to the Supreme Court of Ohio. See NationalCity Bank v. Beyer, (2000), 89 Ohio St.3d 152, 160.[2] Thus, whether appellee's actions in administering the trust were proper has already been determined and is now res judicata. In our view, since appellee successfully defended its actions in administering the trust, there is a benefit to the estate.
Furthermore, although appellants express their "shock" at the amount of attorney fees requested, the record shows that they stipulated to the time spent and the hourly rates charged. Consequently, since reasonableness of the fees is not reviewable, we cannot say that the probate court abused its discretion in awarding the requested attorney fees.
The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] The parties stipulated that the time spent and hourly rates were undisputed.
[2] The Supreme Court specifically ruled that, in the absence of a transcript of the proceedings or other evidence, it must presume the regularity of the probate court's actions in granting the request for payment of trustee fees and expenses.