IN RE TRUSTEESHIP OF PARRETT.

(No. 4182—Decided June 1, 1949.)

*Miss Fritzie C. Kessler,* for appellee trustee.
*Mr. Francis M. Thompson,* for appellant exceptors.

BY THE COURT. This is an appeal on questions of law from a judgment of the Probate Court of Franklin County, overruling exceptions to the final and partial accounts of Fritzie C. Kessler, successor trustee of the estate of Gordon J. Parrett, a missing person.

The trustee was appointed under the provisions of Section 10509-39, General Code (114 Ohio Laws, 411). Subsequently, the trustee was removed and Fritzie C. Kessler was appointed successor trustee. On October 1, 1941, the successor trustee filed an application in the Probate Court for authority to sell in partition the real estate in which Gordon J. Parrett held an undivided interest, alleging that a sale would be for the best interest of Parrett's estate and would prevent waste. The application was granted. In June 1942, the exceptors herein filed an application for modification of the order, in which the exceptors raised the question of the legal capacity of the successor trustee to maintain an action in partition and claimed that it was not for the best interest of the estate. The Probate Court, after a hearing thereon, denied the application for modification and reserved the question relative to the legal capacity of the successor trustee to

maintain the action in partition and the question of waste to the Common Pleas Court. Two demurrers were filed to the petition for partition in the Common Pleas Court, one by these exceptors, which were overruled.

Consequently, it appears from the record that the successor trustee was given authority by the court, which appointed her and to which she was required to account, to proceed to bring the action in partition. Her legal capacity to maintain the action was resolved in her favor by the Common Pleas Court when the question was tested on demurrer. The exceptors herein were content to abide by such rulings and no attempt was made to have the orders reviewed. However, we do not believe that the appellants in this proceeding are precluded from raising the question of the legal capacity of the successor trustee to maintain the action in partition. Appellants contend that under Section 10509-39, General Code, the successor trustee did not acquire such an interest in the property as would permit the bringing of a statutory action in partition under Section 12026, General Code. Section 10509-39, as it existed in 1941, provided that the Probate Court should appoint a trustee for a missing person "to collect and preserve his property until such time as he returns or an administrator or executor of his estate is appointed." It is contended that the trustee did not become a coparcener or cotenant with the other owners of the property. We are not required to determine the question whether the successor trustee had the right to maintain a statutory action for partition under the provisions of Section 12026, General Code, for the reason that the nature of the action and the allegations made constitute an action for equitable partition. Equitable partition is an additional remedy to statutory partition. 30 Ohio

Jurisprudence, 883, Section 52; 47 Corpus Juris, 363, Section 223 *et seq.*

Although the jurisdictional question could not be determined by the Probate Court, it is regarded as essential that the trustee obtain authority from the Probate Court to bring the partition action. See 40 American Jurisprudence, 100, Section 117. In the instant case such authority was granted. Upon application and proper showing, the Probate Court had authority to grant such order. Section 10504-66, General Code. Under Section 10501-53 13, General Code, the Probate Court may direct and control the conduct of fiduciaries, a definition of which includes trustees. Section 10506-1, General Code. See *Horstman* v. *Ritter*, 6 N. P., 470, 9 O. D. (N. P.), 413.

The appellants contend that since Gordon J. Parrett had been absent for a period of seven years he would be presumed to be dead and that the successor trustee would have no authority thereafter to act respecting his estate. This contention is not supported by the words of the statute (Section 10509-39) which expressly provided that the trustee shall act "until such time as he returns or an administrator or executor of his estate is appointed."

Only one question is left for this court to determine: Was the compensation allowed to Fritzie C. Kessler as successor trustee and as attorney so excessive as to show an abuse of discretion? The amount of compensation allowed to a trustee and for legal services rendered in the interest of the trust is discretionary with the Probate Court. Section 10506-52, General Code. In the instant case the successor trustee was given authority not only to bring the partition action, but also to defend the second action filed in the Common Pleas Court by one of the exceptors herein. The time expended by her in these two matters as shown by

an account of her services has not been questioned. The trial court allowed her the costs paid in the partition action and $1,000 for services rendered as successor trustee and as attorney in the two suits in the Common Pleas Court. It is conceded that she would be entitled to $126.78 or a part of the $1,000 allowed, as compensation for services about which there is no dispute. The legal question raised by the exceptors, that is, the right of the successor trustee to any compensation whatever for services rendered in the two actions in the Common Pleas Court, being resolved against the exceptors, we are required to pass only upon the reasonableness of the compensation allowed for such services. In considering the amount of time expended and service rendered by Fritzie C. Kessler as successor trustee and as attorney for the trust we are not of the opinion that the amount allowed is so excessive as to show an abuse of discretion.

We are not unmindful that the compensation allowed when compared to the value of the estate seems excessive; nevertheless, the courts very properly compensate their fiduciaries for services legally rendered in the interest of the estate or trust even though a substantial part of a very small estate is thus consumed. With respect to the reasonableness of the compensation allowed, each case must be determined on its own merits.

As we find no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.