IMLER, Appellee,

v.

COWAN, Exr., et al., Appellants.

[Cite as *Imler v. Cowan* (1989), 65 Ohio App.3d 359.]

Court of Appeals of Ohio,
Pickaway County.

No. 88 CA 24.

Decided Nov. 22, 1989.

*Paul O. Scott,* for appellee.

*Sheila Nolan Gartland* and *Patricia M. Bunn,* for appellants.

GREY, Judge.

This is an appeal from a judgment of the Pickaway County Probate Court awarding attorney fees to the attorney representing the Estate of Mary M. White. We reverse.

The executor of Mary White's estate, Norbert W. Cowan, hired R. Douglas Wrightsel as special counsel to the executor in a will contest action brought by appellee, Doris J. Imler. At the time Wrightsel was hired, he sent a letter to Cowan outlining the terms of his representation. Wrightsel indicated that he would be billing at an hourly rate of $125 per hour but that if any of the work was delegable to paralegals or associates then Wrightsel would bill at a lower hourly rate. Cowan, as executor of the estate, agreed to the fee arrangement.

Wrightsel and members of his firm spent one hundred forty hours on the matter. Pursuant to R.C. 2113.36, Cowan filed an application with the Pickaway County Probate Court for authority to pay Wrightsel's fees for services rendered. Wrightsel requested $15,900 in attorney fees and $258 in expenses.

The trial court awarded Wrightsel the $258 in expenses but only allowed Wrightsel $7,000 in attorney fees. The trial court reached this amount by

multiplying the minimum hourly rate of $50 (the minimal rate for paralegal services) by the one hundred and forty hours for which Wrightsel billed.

Wrightsel appeals the trial court's decision and assigns two errors.

### First Assignment of Error

"The decision of the probate court to award appellant seven thousand dollars for extraordinary legal fees when there was support in the record for fifteen thousand nine hundred dollars was against the manifest weight of the evidence."

 The parties agree that R.C. 2113.36 authorizes the payment of extraordinary legal fees for services rendered in the administration of an estate. Both parties cite *In Re Estate of Secoy* (1984), 19 Ohio App.3d 269, 19 OBR 439, 484 N.E.2d 160, and agree that "[w]here a judicial determination is required to fix the amount to be paid, the determining factor is the reasonable value of the services."

Appellant contends that the court's award of $7,000 in attorney fees does not reflect the reasonable value of the services performed and is against the manifest weight of the evidence. We agree.

Ohio case law has firmly established that the burden is upon the attorney seeking fees to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services. *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 20 O.O.2d 163, 184 N.E.2d 384. There is nothing in this record to indicate that Wrightsel billed the estate for excessive hours, that the hourly rate was excessive, that Wrightsel did not accomplish what he was retained to do, or that the request for attorney fees was in any way unreasonable. Further, Wrightsel submitted a bill to the court describing in great detail the complicated nature of the services required and performed on behalf of Mary White's estate.

An appellate court will not reverse a trial court's decision unless it is clearly against the manifest weight of the evidence. Judgments supported by some competent credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Here, there was no competent, credible evidence to support the trial court's decision to award Wrightsel only half of his requested attorney fees. Rather, the evidence in the record clearly supports a decision finding that Wrightsel charged a reasonable value for his services and granting the payment of the full $15,900 requested by Wrightsel. Wrightsel's first assignment of error is well taken and is sustained.

362

### Second Assignment of Error

"The probate court erred in arbitrarily disallowing the amount claimed in an application for attorney's fees where the executor of the estate and the attorney agreed on a fee arrangement and the reasonableness of the fees was supported in the record."

Wrightsel contends that because he and Cowan agreed to a fee arrangement, the court must follow the terms of that agreement. We note that such fee agreements are in no way binding upon a probate court. *In re Cercone* (1969), 18 Ohio App.2d 26, 47 O.O.2d 20, 246 N.E.2d 578. While in most cases a fee agreement between the parties should be upheld, this court can envision situations where the intervention of the probate court is necessary. For example, if an executor agreed to some outlandish fee, or if the attorney did not substantiate the time for which he was charging, certainly a probate court could step in and determine the reasonable value of the attorney services. From the record, however, it is clear that this case does not present one of those situations. Here, Wrightsel clearly substantiated his request for fees and requested only the reasonable value of his services in payment.

As stated above, the probate court must look at all of the evidence to determine the reasonable value of an attorney services. If those services have been properly rendered, then an attorney should be paid for the reasonable value of those services. Here, there is only the trial court's unexplained and unsupported refusal to pay a reasonable request for reasonable attorney fees.

An appellate court may not and will not reverse a trial court's decision unless there has been an abuse of discretion. An abuse of discretion has been defined by the Ohio Supreme Court as "a decision which is arbitrary, unreasonable or unconscionable." *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 15 OBR 408, 473 N.E.2d 798.

Here, the trial court's refusal to allow the entire amount requested by Wrightsel was arbitrary and unreasonable. Wrightsel's second assignment of error is well taken and is sustained. The decision of the trial court is reversed and this cause is remanded to the trial court with directions to the court to pay the entire amount of attorney fees requested by Wrightsel.

*Judgment reversed*
*and cause remanded.*

HOMER E. ABELE, P.J., and STEPHENSON, J., concur.