OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the two Appellants' briefs and their oral arguments before this court. Because this is a consolidated case, there are two sets of assignments of error stemming from the same journal entry. Both Appellants appealed the decision of the Mahoning County Court of Common Pleas, Probate Division, reducing their requested attorney fees. The issue we must decide is whether the trial court abused its discretion by reducing the fees of all the attorneys involved in this case.
 {¶ 2} A probate court abuses its discretion in awarding attorney fees where the court's decision is not supported by the record. Because the trial court gave little or no justification in the record for reducing the fees of both Appellants, we must remand this case so that the trial court may indicate on the record the reasons why it found the requested fees to be unreasonable.
 Facts and Standard of Review {¶ 3} Administration of the Estate of Clinton Campbell, the deceased, began on March 5, 1996. Although Campbell had no assets at the time of his death, he was a plaintiff in litigation regarding his asbestos related injuries. The probate proceedings were commenced so that the wrongful death settlements could be collected and distributed.
 {¶ 4} Attorney Chad Kelligher, as attorney of record and successor administrator, filed an application to approve settlement and distribution of $53,954.83. This amount was received on behalf of Campbell's Estate by the litigation Firm Goldberg, Persky, Jennings White. Kelligher also filed a motion for approval of attorney fees requesting $11,642.75 for 99.85 hours of services to the estate over four years. Likewise, the Firm requested a 33 percent contingent fee of $17,979.17 and $1,351.68 to cover litigation expenses. The probate court's chief magistrate found all of the requested fees to be reasonable and issued an order approving them. However, the probate court sua sponte reduced Kelligher's fees to $3,600 and the Firm's fees to $8,896.04 in addition to completely denying the Firm's litigation expenses. The probate court explained that many of the fees Kelligher requested were for out of court services. The probate court further explained that there would be a $5,103.96 recoupment from the Firm's requested fees and allocated it to the estate because it determined more interest could have been made on the wrongful death proceeds.
 {¶ 5} It is within the sole discretion of the probate court to award reasonable attorney fees. In re Estate of Fugate (1993),86 Ohio App.3d 293, 298, citing In re Keller (1989), 65 Ohio App.3d 650. In Watters v. Love (1965), 1 Ohio App.2d 571, 579, the court set out the standard of review:
 {¶ 6} "Exclusive original jurisdiction to determine reasonable attorney fees being in the Probate Court, the only questions before the Court of Appeals on appeal on questions of law are whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law. If either against the manifest weight of the evidence or contrary to law, final judgment of modification cannot be rendered on reversal, but the cause must be remanded to the Probate Court for further proceedings according to law." Id. See, also, In re Estate of York
(1999), 133 Ohio App.3d 234.
 {¶ 7} An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law.Keller at 655. Thus, the decision of the probate court must be based upon the actual services performed by the attorneys and upon the reasonable value of those services. Id.
 Fee Request of Estate Attorney {¶ 8} Because the resolution of Kelligher's two assignments or error are so closely linked, they will be discussed concurrently. They assert in turn:
 {¶ 9} "The Mahoning County Probate Court erred by ordering compensation of only $3,600.00 to Appellant, the Attorney-of-Record and Successor Administrator of the Estate of Clinton Campbell, because such decision was against the manifest weight of the evidence as to reasonable services to the Estate by Appellant."
 {¶ 10} "The Mahoning County Probate (sic) erred by abusing its discretion in ordering compensation to Appellant, the Attorney-of-Record and Successor Administrator of the Estate of Clinton Campbell, in the amount of only $3,600.00, when at the time the motion for fees was filed, Appellant had rendered reasonable services to the Estate of over ninety-nine hours over a period of four and one-half years."
 {¶ 11} R.C. 2113.36 controls the payment of reasonable attorney fees in probate proceedings. "When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of the administration. The court may at any time during the administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof." Id. The attorney has the burden to introduce, into the record, sufficient evidence of the services to justify reasonable fees in the amount sought or awarded. In re Verbeck (1962), 173 Ohio St. 557, 559.
 {¶ 12} "The decision as to the amount of appropriate attorney fees to be awarded * * * involves a review of the actual work, time and efforts of the petitioning attorney and the law." Sluss v. Hillyer (June 14, 1999), 5th Dist. No. 1998CA00342, at 1. The probate court may not make a determination of "reasonableness" based solely on the case file or local court guidelines. Rather, the probate court must take evidence and judge the value of the work performed by the attorney. Id.
 {¶ 13} In Estate of Love (1965), 1 Ohio App.2d 571, 578-579, the court discussed the term "reasonable fees" and stated that such fees "must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which the payment is being made. The ultimate determination of reasonableness must take into consideration all of the factors relating to reasonableness of the fees in the particular case. The facts and circumstances vary so much from case to case that it is impossible to set forth an iron-clad rule other than that reasonable value must be substantiated by the evidence in each case." Id.
 {¶ 14} Additionally, in determining whether requested fees are "reasonable", the probate court should also consider the guidelines contained in DR 2-106:
"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent." Id.
 {¶ 15} For example, in Imler v. Cowan (1989), 65 Ohio App.3d 359, the Fourth District remanded the case because there was no competent, credible evidence to support the trial court's decision to award only half of the requested attorney fees. In that case, the attorney indicated to the trial court he would be billing at an hourly rate of $125 per hour but that if any of the work was delegable to paralegals or associates then he would bill at a lower hourly rate. The attorney and members of his firm spent one hundred forty hours on the matter. Pursuant to R.C.2113.36, the attorney filed an application with the probate court for authority to pay his fees for services rendered. He requested $15,900 in attorney fees and $258 in expenses.
 {¶ 16} However, the trial court awarded the attorney the $258 in expenses but only allowed $7,000 in attorney fees. The trial court reached this amount by multiplying the minimum hourly rate of $50, or the minimal rate for paralegal services, by the one hundred and forty hours for which he billed. The appellant argued the court's award of $7,000 in attorney fees did not reflect the reasonable value of the services performed and was against the manifest weight of the evidence. The Fourth District agreed stating:
 {¶ 17} "There is nothing in this record to indicate that [the attorney] billed the estate for excessive hours, that the hourly rate was excessive, that [the attorney] did not accomplish what he was retained to do, or that the request for attorney fees was in any way unreasonable. Further, [the attorney] submitted a bill to the court describing in great detail the complicated nature of the services required and performed on behalf of Mary White's estate." Id. at 361.
 {¶ 18} Because the Fourth District found there was only the trial court's unexplained and unsupported refusal to pay a reasonable request for reasonable attorney fees, the court remanded the case to the trial court stating that the trial court's refusal to allow the entire amount requested was arbitrary and unreasonable.
 {¶ 19} Similarly, the Eleventh District remanded a case to the probate court in In re Estate of Lindquist (Dec. 22, 1995), 11th Dist. No. 95-P-0041. In Lindquist, the trial court indicated in its judgment entry that it found the administration of the estate to be simple and not deserving of a great expenditure of time. The reviewing court found this rationale insufficient for proper appellate review stating:
 {¶ 20} "Nonetheless, the court erred in summarily denying appellant's final request for attorney fees without ascertaining and factoring into the equation the reasonable value of the compensable services actually performed by appellant. * * * The outcome may not be significantly altered, but nevertheless, it is important that the probate court not deny imput (sic) for its factual evaluation of an attorney fee." Id. at 3.
 {¶ 21} In the present case, Kelligher requested $11,642.75 for 99.85 hours of service. However, the probate court granted compensation in the amount of $3,600 despite the fact Kelligher produced a detailed list of time expenditures. The trial court explained its decision as follows:
 {¶ 22} "Upon the Court's thorough review of the itemization of services rendered by attorney Kelligher, its review of the entire record of this case, and in considering the factors delineated under DR2-106 as well as Sup.R. 71 and Local R. 71.1, at seq., the Court finds that Attorney Kelligher has reasonably expended forty (40) hours of service in the administration of this Estate and its related wrongful death claim and that a reasonably hourly rate for such services, which involve chiefly out of court services, amounts to $90.00 per hour. The Court therefore finds that a reasonable fee for all services rendered to date pursuant to Attorney Kelligher's motion of April 12, 2002 amounts to $3,600."
 {¶ 23} In light of decisions from this court and several other districts, we conclude the trial court not only based its decision upon improper factors, it did so arbitrarily. This court has previously remanded a case to the probate court with instructions to either articulate the reasons for a reduction in fees or to conduct an evidentiary hearing. In re Estate of Reardon (Jan. 29, 1997), 7th Dist. No. 94 C.A. 206. Other courts have similarly required that the probate court create a record that clearly demonstrates its reasons for altering attorney fees.
 {¶ 24} In the present case, because the trial court elected not to conduct a hearing on fees, it is difficult to discern how it reached the conclusion that it did. Although the trial court states that most of the fees generated by Kelligher were for out of court services, common sense dictates that in most probate cases, as in any case, most of the work will be done outside of the courtroom. Therefore, it does not appear to be an adequate justification for so greatly reducing his attorney fees.
 {¶ 25} Moreover, as previously discussed, the trial court may not make a determination of reasonableness based solely on the case file or local court guidelines. Rather, the trial court must take evidence and judge the value of the work performed by the attorney. See Love. In the present case, the appropriate factors were not taken into account.
 {¶ 26} Accordingly, we conclude this Appellant's assignments of error are meritorious and remand this case so that the trial court can both hear evidence on the matter and explain its rationale for an award regarding Kelligher's requested attorneys fees.
 Fee Request of Asbestos Litigation Attorney {¶ 27} Because the Firm's three assignments of error are closely linked, they will also be addressed together:
 {¶ 28} "The Probate Court erred by finding that the amount of reasonable attorneys' fees for prosecution of decedent's estate's asbestos action was $14,000.00 instead of the requested fees of $17,979.17, when: (1) the magistrate's assigned to review the attorney's fees had found that the requested $17.979.17 in attorney's fees was proper; (2) the Probate Court's (sic) altered the amount of the proposed fees without notice to counsel; (3) the judge of the Probate Court held no hearing with regard to the reasonableness of attorney's fees; and (4) the record contains no basis for the reduction of the attorney's fees. See Exhibit A."
 {¶ 29} "The Probate Court erred by further reducing said attorneys' fees sua sponte in the amount of $5,103.96 as a recoupment to the Estate when: (1) the Probate Court gave no notice to Appellant concerning the possibility of such a recoupment; (2) the probate Court held no hearing with regard to said recoupment; and (3) the record contains no basis for finding that any action of counsel harmed the Estate. See Exhibit A."
 {¶ 30} "The Probate Court erred by failing to make provision for litigation expenses in the amount of $1,351.68 when (1) the magistrate assigned to review the expenses case had found that expenses in the amount of $1,351.68 was reasonable; (2) the Probate Courts (sic) failure to make provision for litigation expenses was done without notice to Counsel; (3) the judge of the Probate Court held no hearing with regard to its failure to provide litigation expenses to Appellant; and (4) the record contains no basis for the Probate Court's failure to provide Appellant with litigation expenses. See Exhibit A."
 {¶ 31} In its judgment entry, the trial court explains its action stating:
 {¶ 32} "the Court finds under all the circumstances that a fair and reasonable fee to it for services, in consideration of the delays encountered in administering this claim from the probate perspective, and to prevent a disparity or injustice, amounts to $14,000. Additionally, the Court finds that the Estate was unduly hindered and delayed in the administration of the wrongful death claim by virtue of the fact that litigation counsel did not properly enter an appearance before this court pursuant to Sup.R. 71(I), that it accepted settlements purportedly on behalf of the Estate and/or fiduciary, without the prior approval of this Court as required by O.R.C. Chapter 2125, Sup.R. 70 and the Local Rules of this Court. Further, that in doing so, litigation counsel interfered with the duty of the fiduciary to properly receive and deposit such funds into interest bearing accounts for the purpose of enhancing the value of the Estate and/or its related claims. * * *"
 {¶ 33} Once again, we are faced with deciding whether it was necessary for the trial court to hold a hearing on the matter of attorney fees so that evidence could be taken. The record in this case reveals that the probate court did not hold a hearing on this matter, nor is there any evidence that the trial court examined the time, effort, or skill of the Firm in its representation of the estate. Furthermore, the probate court makes no mention of the litigation fees requested by the Firm.
 {¶ 34} Although some reasons are articulated on the record why the probate court granted a recoupment for the estate, it is not clear exactly why the probate court elected to reduce the Firm's fees or why the court chose the figures that it did. It appears from its journal entry that the Probate Court was concerned about the amount of funds that would be left in the Estate. Presumably, that is what the court was referring to when it says the reduced fees will prevent an injustice or disparity.
 {¶ 35} Other districts have placed little significance on the amount of money which would be left in the estate when reviewing requested attorney fees and have focused solely on the reasonableness of the fees. For example, the Ninth District in In re Estate of Schaffer
(1995), 101 Ohio App.3d 620, upheld a fee where the amount of funds left in the estate to be distributed was $11,500, and the amount of the fees awarded was $12,226. Likewise, in In re Guardianship of Rider (1990),68 Ohio App.3d 709, the Sixth District found the probate court did not abuse its discretion in response to appellant's complaint that a $9,702 fee was excessive in light of the current estate balance of $17,000. That court cited In re Parrett (1949), 86 Ohio App. 162, 166, which stated:
 {¶ 36} "We are not unmindful that the compensation allowed when compared to the value of the estate seems excessive; nevertheless, the courts very properly compensate their fiduciaries for services legally rendered in the interest of the estate or trust even though a substantial part of a very small estate is thus consumed. With respect to the reasonableness of the compensation allowed, each case must be determined on its own merits." Id. at 713.
 {¶ 37} We conclude likewise. The Probate Court in this case needed a more significant reason for reducing the attorney fees to avoid abusing its discretion. Because the journal entry is unclear as to precisely why the Probate Court reduced the fees we cannot assume there was a reasonable basis for doing so.
 {¶ 38} In light of the numerous cases, including our own, holding that an evidentiary hearing should be held so that attorney fees may properly be discussed by the parties, the better practice in this case would have been to hold a hearing so that evidence could be taken. Because that was not done, we cannot review the probate court's concerns regarding the handling of the litigation of the wrongful death claim as discussed in its judgment entry. It is not clear from the record exactly what the probate court is talking about. And we cannot discern whether the numbers the court arrived at when reducing the firm's fees were appropriately calculated since there is no indication as to how it arrived at those numbers. Because the probate court elected to reduce the fees sua sponte, there is no evidence for this court to pass upon.
 {¶ 39} For these reasons, this Appellant's assignments of error are also meritorious.
 {¶ 40} Accordingly, the trial court's judgment is reversed and this cause is remanded so the trial court may hold a hearing on Appellants' requested attorney fees.
Donofrio and Vukovich, JJ., concur.