OPINION
{¶ 1} Andrew Lazar ("Lazar") appeals the April 4, 2003 judgment entry of the Geauga County Court of Common Pleas, Probate Division, approving attorney fees in the amount of $7,500 and fiduciary fees in the amount of $5,000. For the reasons stated below, we affirm the decision of the trial court in this matter.
 {¶ 2} On November 5, 2000, John Lazar (the "decedent") died testate. In his will, the decedent named Lazar executor of the decedent's estate. Lazar hired an attorney, Donald Hoffman ("Hoffman"), to assist in the administration of the estate. At some point, Lazar hired Sean Gregor ("Gregor") to replace Hoffman as attorney in this matter.[1] After numerous continuances, a final accounting of the decedent's estate was filed on January 5, 2003. On March 10, 2003, Gregor moved for approval of attorney fees in the amount of $20,372.19. Attached to the motion was an itemized bill for 116.25 hours.
 {¶ 3} The trial court conducted a hearing on the motion for attorney fees and the final distributive account on March 18, 2003, and March 25, 2003.[2] The final distributive account filed by Lazar included a disbursement to Lazar for $12,300 as a fiduciary fee. Prior to dispersing this amount, Lazar failed to seek and receive approval from the probate court.
 {¶ 4} On April 4, 2003, the trial court issued a judgment regarding the fiduciary fees and the attorney fees. In regards to the fiduciary fees, the trial court found that Lazar failed to timely file an inventory and failed to timely file accounts resulting in multiple citations being issued. The trial court further found that Lazar failed to timely file an income tax return for the estate, resulting in unnecessary expenses. Finally, the trial court found that Lazar failed to timely administer the estate without just cause. Thus, the trial court approved fiduciary fees in the amount of $5,000 and ordered Lazar to reimburse the estate in the amount of $7,300.
 {¶ 5} In regards to the attorney fees, the trial court stated that it considered all the factors enumerated in DR 2-106. The trial court found that the matter "lacked novel or difficult issues that would justify the amount of time spent administering the estate." The court further found that although Gregor's hourly rate was reasonable, the number of hours billed was "excessive given the nature of the assets and the lack of complicated issues." The trial court found that the administration of the estate was unduly delayed by Gregor's failure to timely file an account without just cause. The trial court, therefore, approved attorney fees in the amount of $7,500 and ordered Gregor to return any fees in excess of this amount.
 {¶ 6} The court approved the remaining aspects of the final account.
 {¶ 7} Lazar timely appealed and raises the following assignments of error:
 {¶ 8} "[1.] Appellant must be granted this appeal of the denial of payment of attorney's fees to Sean Gregor Associates Co., L.P.A. and payment of fiduciary fees to Andrew Lazar as the Geauga County Probate Court has acted unreasonably, arbitrarily and unconscionably in its judgment entry limiting attorney's fees to $7,500.00 and executor fees to $5,000.00.
 {¶ 9} "[2.] Appellant must be granted this appeal of the denial of payment of attorney's fees to Sean Gregor Associates Co., L.P.A. and payment of fiduciary fees to Andrew Lazar as all heirs have agreed to the fees charged, the fees are not outlandish, and the time expended by the attorney has been substantiated by the attorneys.
 {¶ 10} "[3.] Appellant must be granted this appeal of the denial of payment of attorney's fees to Sean Gregor Associates Co., L.P.A. and payment of fiduciary fees to Andrew Lazar as all accounts and inventories have been filed within the time allotted by the Geauga County Probate Court or motions for extensions of time to file accounts were filed with the court.
 {¶ 11} "[4.] Appellant must be granted this appeal of the denial of payment of attorney's fees to Sean Gregor Associates Co., L.P.A. and payment of fiduciary fees to Andrew Lazar as sufficient evidence has been presented to demonstrate the value to the entire estate of the services performed.
 {¶ 12} "[5.] Appellant must be granted this appeal of the denial of payment of attorney's fees to Sean Gregor Associates Co., L.P.A. and payment of fiduciary fees to Andrew Lazar as the reduction in fees by the Geauga County Probate Court substantially impairs the contract between Sean Gregor 
Associates Co., L.P.A. and the estate of John C. Lazar, deceased and this impairment is not appropriate to the public purpose justifying the adoption of the regulation.
 {¶ 13} "[6.] Appellant must be granted this appeal of the denial of payment of attorney's fees to Sean Gregor Associates Co., L.P.A. and payment of fiduciary fees to Andrew Lazar as the improper reduction in fees by the Geauga County Probate Court violates public policy by prohibiting the parties from freely entering into an agreement for their mutual benefit."
 {¶ 14} Since the first, second, third and fourth assignments of error challenge the trial court's determination of attorney fees and fiduciary fees, in the interests of judicial economy, we will address them together. Lazar argues that the court ignoredthe testimony of Gregor and Lazar and that the court's findingscontradict the testimony. Lazar further argues that thebeneficiaries have agreed to the fees and that the time expendedhas been substantiated. He also claims that there was nounnecessary delay in administering the estate as all accounts andinventories were filed within the time allotted or the probatecourt granted extensions in which to file. Lazar finally arguesthat sufficient evidence was proffered to demonstrate benefit tothe entire estate.
 {¶ 15} "The allowance of fees for services rendered by attorneys employed by an executor or administrator in the settlement of the estate * * * is a matter to be determined by the probate court." Trumpler v. Royer (1917), 95 Ohio St. 194, paragraph two of the syllabus. "An award of attorney fees is within the discretion of the trial court." In re Guardianship ofHards, 11th Dist. No. 2002-L-054, 2003-Ohio-4224, at ¶ 13. The probate court's determination of attorney fees will not be overturned absent an abuse of discretion. Id.
 {¶ 16} Executors and administers are entitled to compensation for their services. R.C. 2113.35. The probate court may deny or reduce the compensation due the executor or administrator if he or she "has not faithfully discharged his [or her] duties." Id.; see, also, Whitaker v. Estate of Whitaker (1995)105 Ohio App.3d 46, 58 (the executor's claimed fiduciary fees may be reduced or denied for failing to faithfully discharge his duties). The probate court's decision reducing or denying this compensation "will not be disturbed on appeal in the absence of an abuse of discretion." In re Estate of Veroni (Dec. 31, 1998), 11th Dist. No. 98-L-024, 1998 Ohio App. LEXIS 6381, at *16-*17.
 {¶ 17} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
{¶ 18} In this case, the record supports the trial court'sfinding that Lazar failed to timely file an income tax return forthe estate, resulting in an unnecessary interest expense. Therecord further substantiates the trial court's finding that Lazarfailed to timely administer the estate, without just cause, bytaking in excess of two years to do so. Thus, we cannot find thatthe trial court abused its discretion in reducing Lazar's fee forhis failure to faithfully discharge his duties in accordancewith R.C. 2113.35.
 {¶ 19} There is no minimum or maximum attorney fee that thecourt automatically will approve. Sup.R. 71(H). Rather,"[a]ttorney fees in all matters shall be governed by DR 2-106 ofthe Code of Professional Responsibility." Sup.R. 71(A). Pursuantto DR 2-106(B), the following factors are "to be considered asguides in determining the reasonableness of a fee * * *:
 {¶ 20} "(1) The time and labor required, the novelty anddifficulty of the questions involved, and the skill requisite toperform the legal service properly.
 {¶ 21} "(2) The likelihood, if apparent to the client, thatthe acceptance of the particular employment will preclude otheremployment by the lawyer.
 {¶ 22} "(3) The fee customarily charged in the locality forsimilar legal services.
 {¶ 23} "(4) The amount involved and the results obtained.
 {¶ 24} "(5) The time limitations imposed by the client or bythe circumstances.
 {¶ 25} "(6) The nature and length of the professionalrelationship with the client.
 {¶ 26} "(7) The experience, reputation, and ability of thelawyer or lawyers performing the service.
 {¶ 27} "(8) Whether the fee is fixed or contingent."
 {¶ 28} Even if the beneficiaries consent to the attorney fees, the trial court may set a hearing on the application for attorney fees. Sup.R. 71(D). At such a hearing, "the burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services * * *." In re Verbeck's Estate (1962),173 Ohio St. 557, 559. An attorney also bears the burden of proving that the billed time was fair, proper and reasonable. See Jacobs v.Holston (1980), 70 Ohio App.2d 55, 60.
 {¶ 29} In its judgment entry, the trial court specifically stated that it "reviewed the file and considered the evidence presented at the time of the hearing." The trial court further stated that it "considered the factors set forth in Disciplinary Rule 2-106." Thus, it is evident that the trial court did, in fact, consider all the evidence proffered by Lazar and Gregor. Moreover, "[a]s a reviewing court, we can assume that the trial court considered all competent, credible evidence in the record and also applied all relevant statutory requirements in reaching its decision." Waggoner v. Waggoner (1996), 111 Ohio App.3d 1,6, citing Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203,212.
 {¶ 30} In this case, although there was a fee agreement between Gregor and the estate, a fee agreement is not binding upon the probate court. Imler v. Cowan (1989),65 Ohio App.3d 359, 362. The probate court still "must look at all of the evidence to determine the reasonable value" of the services rendered. Id.
 {¶ 31} In his motion for attorney fees, Gregor included an itemized bill, which included a brief description of the services performed and the amount of time expended. Although the time and labor of an attorney is a relevant factor in determining the reasonableness of the attorney's fees, it is but one of the factors the trial court must consider. In re Estate ofWirebaugh (1992), 84 Ohio App.3d 1, 5; In re Estate ofZiechmann (1987), 41 Ohio App.3d 214, 218.
 {¶ 32} At the hearing, Gregor testified about the nature of the estate and the difficulties he experienced in taking the case from another attorney. Gregor also testified that this was not a complex matter. Moreover, Gregor testified that his firm was very experienced in estate matters and that his firm handles "estates that are immensely more complex than this." However, Gregor did not offer any evidence, other than his own conclusory statements, that the number of hours billed was fair, proper and reasonable. Since "the trial court * * * must base the fee determination upon evidence adduced and cannot substitute its own knowledge for evidence," In re Estate of Wood (1977), 55 Ohio App.2d 67, 75, and since Gregor failed to offer any independent evidence regarding the reasonableness of his billable hours, such as expert testimony, see, e.g., id.; In re Estate of Mintzer (July 17, 1995), 8th Dist. No. 68632, 1995 Ohio App. LEXIS 3022; In reEstate of Cain (Nov. 9, 1993), 10th Dist. No. 93-AP-111, 1993 Ohio App. LEXIS 5396; In re Estate of Weller (Jan. 16, 1987), 11th Dist. No. 11-158, 1987 Ohio App. LEXIS 5549, we do not find that Gregor met his burden of establishing the reasonableness of the number of hours billed. Further, since there is conflicting evidence in the record regarding the reasonableness of the fees, we must give deference to the trial court's decision. See Wood,55 Ohio App.2d at 76. We, therefore, cannot find that the trial court's award of attorney fees was unreasonable, arbitrary orunconscionable.
 {¶ 33} Lazar's first four assignments of error are withoutmerit.
 {¶ 34} In his fifth assignment of error, Lazar claims thatsince there was a contract between the estate and Gregor, thetrial court's award of attorney fees substantially interferedwith this contract, in violation of the Contract Clause of theUnited States Constitution.
 {¶ 35} This constitutional issue, however, was not raised in the first instance in the trial court. Rather, Lazar raises this argument for the first time on appeal. "An appellate court should decline to rule on a constitutional issue that is not raised in the first instance in the tribunal below." Hards,
2003-Ohio-4224, at ¶ 24, citing Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220. Thus, since Lazar failed to raise this issue in the probate court, "this court on appeal will not now consider the constitutional issue." Id.
 {¶ 36} Lazar's fifth assignment of error is, therefore, without merit.
 {¶ 37} In Lazar's sixth assignment of error, he asserts that the trial court's award of attorney fees "violated public policy by invalidating an agreement entered into by parties of equal bargaining power."
 {¶ 38} "In general, parties of equal bargaining power are free to enter into any agreement the terms of which are enforceable by law." In re Thompson, 150 Ohio App.3d 98,2002-Ohio-6065, at ¶ 30, citation omitted. Freedom to contract, however, may be limited for public policy reasons. Lake RidgeAcademy v. Carney (1993), 66 Ohio St.3d 376, 381.
 {¶ 39} Pursuant to DR 2-106, "[a] lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." This evinces a public policy limitation on contracts for an attorney's services. Thus, rather than violate public policy by reducing Gregor's fees, the trial court was promoting public policy by doing so because the trial court found Gregor's fee to be excessive in violation of this stated public policy.
 {¶ 40} Lazar's sixth assignment is meritless.
 {¶ 41} For the foregoing reason, we find that Lazar's assignments of error are without merit. The decision of the Geauga County Court of Common Pleas, Probate Division, is affirmed.
O'Neill, J., concurs.
JUDITH A. CHRISTLEY, J., concurs with a concurring opinion.
[1] Gregor filed a notice of appearance on behalf of the estate on January 4, 2002.
[2] The beneficiaries did not either receive notice of the March 18, 2003 hearing or waive notice of same. At this hearing, however, the trial court allowed Lazar and Gregor to address the issue of fees, as well as the other expenses associated with the estate. Upon receipt of a waiver of notice from the beneficiaries, the trial court scheduled a second hearing for March 25, 2003.