{¶ 42} I respectfully concur with the attached concurring opinion in relation to the award of attorney fees. I feel that it is important to emphasize, despite the "abuse of discretion" standard used to review such awards, that the probate court does not have unfettered discretion. Fortunately, that is not the case here. This is not an instance where the probate court had little or no explanation for its determination. Nor was this a situation where the fee applicants did not have an opportunity to present evidence and be heard.
 {¶ 43} If the court had simply said that the fees were unreasonable and reduced them without specifying why, such a finding would be viewed as an abuse of discretion. See, e.g., Inre Estate of Campbell, 7th Dist. Nos. 02 CA 186 and 02 CA 187, 2003-Ohio-7040 (A trial court abuses its discretion by providing little justification for reducing attorney or fiduciary fees.).
 {¶ 44} R.C. 2113.36 provides that a probate court may award only reasonable fees to attorneys who are employed in the administration of an estate.
 {¶ 45} Here, the trial court indicated it found several specific problems such as the lack of novel or difficult issues. It found that the number of hours billed by counsel was excessive given the nature of the assets and the lack of complicated issues. It found that the administration of the estate was unduly delayed, even after the applicant took over as counsel for the estate. Finally, it found that counsel failed to file a timely accounting resulting in the issuance of a citation.
 {¶ 46} The important point in this case is that the trial court did have specific issues with the quantity and quality of the administration of this estate. Further, there was a hearing on this issue such that the fee applicants had opportunity to be heard on this issue.
 {¶ 47} On that basis, the judgment of the trial court was correctly affirmed.
 {¶ 48} To that end, I concur.