OPINION
{¶ 1} Appellant timely appeals a June 18, 2004, Judgment Entry issued by the Mahoning County Court of Common Pleas, Probate Division. This entry addressed Appellant's application for attorney fees for services rendered in In the Matter of the Guardianship of George W. Poschner. For the reasons set forth herein, we reverse the trial court's decision and remand the matter for further proceedings consistent with this Opinion.
 {¶ 2} Appellant Butler Wick Trust Company ("Butler Wick") is the guardian of the estate of Poschner. The trial court awarded counsel for Appellant $550 in ordinary attorney fees; $2,880 in extraordinary attorney fees; and $127.50 in advanced court costs. (June 18, 2004, Judgment Entry and Order Upon Application for Attorney Fees.) This fee award was significantly less than the amount requested. Appellant challenges the award in two assigned errors.
 {¶ 3} Appellant's assignments of error assert:
 {¶ 4} "I. The mahoning county probate court erred by reducing appellant's requsted [sic] compensationform [sic] $5,076.00 to $2,880.00 for extraordinary services appellant, the attorney of record for butler wick trust company, co-guardian of the estate of george poschner, provided to the guardianship because such decision was against the manifest weight of the evidence as to reasonable services rendered to the guardianship by appellant.
 {¶ 5} "II. The mahoning county probate court abused its discretion in ordering compensation to appellant for extraordinary services in the amount of only $2,880.00."
 {¶ 6} Since the assigned errors are closely aligned, they are addressed together.
 {¶ 7} Where an attorney is retained to administer an estate, reasonable attorney fees shall be paid. R.C. § 2113.36. The attorney has the burden to provide sufficient evidence on the record establishing his or her services rendered to justify the amount of fees sought. In re Verbeck (1962), 173 Ohio St. 557,559, 184 N.E.2d 384; In re Wood's Estate (1977),55 Ohio App.2d 67, 379 N.E.2d 256, 259.
 {¶ 8} A probate court has discretion to allow reasonable attorney fees. In re Keller (1989), 65 Ohio App.3d 650, 655,584 N.E.2d 1312. Thus, the probate court's decision should be upheld absent an abuse of discretion. In re Estate of Wirebaugh
(1992), 84 Ohio App.3d 1, 616 N.E.2d 245.
 {¶ 9} A probate court should be guided by the factors in the Code of Professional Responsibility in determining the reasonableness of attorney fees charged against an estate. Id. Sup.R. 71(A) provides, "[a]ttorney fees in all matters shall be governed by DR 2-106 of the Code of Professional Responsibility."
 {¶ 10} DR 2-106(B) provides the following factors to consider:
 {¶ 11} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 12} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 13} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 14} "(4) The amount involved and the results obtained.
 {¶ 15} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 16} "(6) The nature and length of the professional relationship with the client.
 {¶ 17} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 18} "(8) Whether the fee is fixed or contingent."
 {¶ 19} Appellant filed an application for attorney fees on April 8, 2004, which consisted of a two and one-half page motion, a copy of Mahoning County Local Rule 71.4, and Appellant's six-page detailed attorney fee billing statement issued by counsel to Butler Wick. This billing statement reflected a total due in the amount of $5,076. (April 8, 2004, Application for Attorney Fees.)
 {¶ 20} According to the probate court's record, there was no objection or motion contra to Appellant's attorney fee application.
 {¶ 21} Thereafter, the trial court's June 18, 2004, Judgment Entry and Order Upon Application for Attorney Fees concluded in part,
 {¶ 22} "After a complete review of the itemizations submitted to this Court, the Court finds that the services rendered were necessary and valuable to the Guardianship and that upon due consideration of DR2-106 and the Local Rules of this Court, the ordinary services are reasonably worth $550.00, and extraordinary services provided by Counsel are reasonably worth $2,880.00."
 {¶ 23} The court's entry gave no explanation for its decision to reduce the extraordinary fee request from $5,076 to $2,880. Further, the trial court docket does not reflect that a hearing was ever held relative to Appellant's fee request.
 {¶ 24} Appellant directs this Court's attention, in support of his arguments on appeal, to our prior decisions in In theMatter of the Estate of Campbell, 7th Dist. Nos. 02 CA 186 and 02 CA 187, 2003-Ohio-7040, and In Matter of the Estate ofReardon (Jan. 29, 1997), 7th Dist. No. 94 C.A. 206.
 {¶ 25} Reardon dealt in part with an attorney fee request set forth in a motion for insolvency and a request for payment of estate debts. The request for attorney fees in the amount of $8,370 was approved and signed by the executrix. Id. at 2. A proposed judgment entry was also submitted to the probate court along with the foregoing motions. Thereafter, and without notice to the estate attorney seeking fees or the executrix, the trial court altered the judgment entry and reduced the fee request by $5,000. The court did not indicate any basis for its attorney fee reduction. Id.
 {¶ 26} On appeal, this Court concluded that the probate court abused its discretion. Specifically, we found that the requested attorney fees were within the standard fee calculation adopted by the probate court. Thus, in order to decrease the minimum fee allowance required, "some kind of evidence along with articulation by the probate judge for his deviation." Id. at 3. Therefore, the cause was remanded to the trial court for it to articulate its reasons for its reduction in fees or to hold an evidentiary hearing on the issue. Id.
 {¶ 27} This Court's decision in In the Matter of the Estateof Campbell, supra, involved comparable issues as well. In that case, the estate attorney and the attorneys representing the decedent in asbestos litigation proceedings appealed the probate court's decision to reduce their fees. We held that the probate court abused its discretion in reducing the attorneys' fees, noting, "the trial court gave little or no justification in the record for reducing the fees[.]" Id. at ¶ 2.
 {¶ 28} The Campbell decision also concluded, "[a]n abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law." Id. at ¶ 7, citing Keller at 655, 584 N.E.2d 1312. The trial court must assess the actual work, time, and efforts of the attorney.Campbell, supra, at ¶ 12. Also, we noted that the, "probate court may not make a determination of `reasonableness' based solely on the case file or local court guidelines. Rather, the probate court must take evidence and judge the value of the work performed * * *." Id., citing Sluss v. Hillyer (June 14, 1999), 5th Dist. No. 1998CA000342, at 1. Thus, we remanded the case for the trial court to, "both hear evidence on the matter and explain its rationale for an award regarding [the] * * * requested attorneys fees." Id. at ¶ 26.
 {¶ 29} The following facts are comprised from Appellant's brief on appeal. It should be noted that there is no brief in opposition in the instant appeal. As such, this Court may reasonably accept Appellant's "statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); State v. Caynor
(2001), 142 Ohio App.3d 424, 755 N.E.2d 984.
 {¶ 30} Counsel of record initially represented Butler Wick as the guardian of the estate of Poschner. Butler Wick was subsequently appointed as the guardian of Poschner's person, as well. The original appointee, Emil Basista, evidently refused to accept his appointment. Thereafter, Butler Wick was removed as the guardian of the person since representatives concluded that it was not equipped to make the daily decisions relative to Poschner's health care.
 {¶ 31} In addition to the above, the record reflects that Emil Basista appealed the probate court's decision to appoint Butler Wick as the guardian of the estate to this Court. Appellant represented Butler Wick throughout the appeal until we reversed the probate court's decision and remanded the cause in September of 2003. Thereafter, Poschner died on May 2, 2004.
 {¶ 32} During the appeal, Appellant's counsel worked in conjunction with Florida counsel on a civil lawsuit filed on Poschner's behalf. This suit sought to recover real estate owned by Poschner that was fraudulently transferred to several other individuals. The lawsuit was initially filed in the name of Poschner's Conservator; however, she had since died. Appellant asserts that it was subsequently a difficult maneuver to name a proper party plaintiff in the Florida litigation since the appointment of the Poschner guardian was on appeal, and Emil Basista refused to cooperate.
 {¶ 33} Notwithstanding the complications, the Florida litigation, by and through Appellant's efforts, eventually ended in the Guardianship recovering the Florida real estate appraised at $775,000 with a market value in excess of one million dollars.
 {¶ 34} Based on the difficulty of the legal issues, the length of the proceedings, and the prior appeal, Appellant asserts that he is entitled to the full amount of fees requested. The factors listed pursuant to DR 2-106(B) appear to support Appellant's requested fees.
 {¶ 35} The facts and issues presented on appeal, including Appellant's detailed billing statement, reflect the services rendered and the requested fees appear not to be disproportionate. The probate court even concluded in its judgment entry that, "the [Appellant's] services rendered were necessary and valuable to the Guardianship[.]" (June 18, 2004, Judgment Entry and Order Upon Application for Attorney Fees.)
 {¶ 36} As in Campbell and Reardon, supra, we find that the trial court abused its discretion in reducing Appellant's fees. Thus, we hereby sustain Appellant's assignments of error and reverse the trial court's decision. On remand, the probate court must hold an evidentiary hearing to assess the value of the services rendered. If necessary, the court must then explain its rationale and articulate the evidence supporting any reduction in award.
Vukovich, J., concurs.
DeGenaro, J., concurs.