[Cite as *In re Conservatorship of Adamosky*, 2011-Ohio-3166.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| THE CONSERVATORSHIP OF: | ) | CASE NO.   09 MA 178 |
| | ) | |
| ANNE ADAMOSKY, | ) | O P I N I O N |
| CONSERVATEE. | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                                             Probate Division, Case No. 2009CN0001.

JUDGMENT:                                        Affirmed.

APPEARANCES:
For Appellee:                                       Attorney Robert Melnick
                                                             16 Wick Avenue, Suite 504
                                                             Youngstown, Ohio  44403

For Appellant:                                     Attorney Timothy Maloney
                                                             406 Gardenview Drive
                                                             Boardman, Ohio  44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  June 21, 2011

VUKOVICH, J.

¶{1}    Appellant Timothy Maloney appeals the decision of the Mahoning County Probate Court finding that he was only entitled to about half of the attorney fees he requested.  The magistrate originally determined that appellant was only entitled to $1,747.04 in attorney fees, instead of the $13,194.57 he requested.  The probate court, after reviewing the magistrate's decision, raised the awarded amount to $6,144.57.

¶{2}    In his first assignment of error, appellant asserts that although he did not object to the magistrate's award of attorney fees, the probate court committed plain error when it did not award him the entire amount of fees he requested.  He references three instances of plain error which he indicates would require reversal of the trial court's judgment.  First, he contends that the trial court was biased against him and proof of this is the magistrate's use of a rule that appellant had enacted when he was probate judge that limited the fees an attorney could collect when representing a client in a conservatorship.  Appellant contends that since the probate rule no longer exists it cannot be used to reduce his fees.  The second reason is that in filing the petition for conservatorship under R.C. 2111.021, appellant claims that Adamosky limited the powers granted to the probate court to oversee fees.  The third reason is that there existed a contract between appellant and appellee Adamosky as to appellant's hourly rate.  Appellant contends that the probate court has no jurisdiction over the contract entered into between appellant and appellee.

¶{3}    Appellee (conservatee) counters the above contending that all three arguments fail.  First, she asserts that while the magistrate references the probate rules enacted by appellant, it only did so to show what appellant previously viewed as reasonable fees for the type of services he rendered.  Second, regarding the argument that appellee used R.C. 2111.021 to limit the trial court's authority over the conservatorship, she contends that the attempted limitation does not extend to limiting the probate court's power to settle the accounts, which includes attorney fees.  Lastly, as to the unfettered right to contract for attorney fees, she contends that the probate court has authority to determine the reasonableness of the fees.

¶{4}   Under the second assignment of error, appellant contends that the reduction of his requested attorney fees constitutes an abuse of discretion.  He asserts that given the court's confusing and contradictory language used in its judgment entry, it is inconceivable that the court would reduce the fees at all.  Appellee counters claiming that the probate court acted within its discretion in reducing the fees because the fees that were not allowed were for services that could have and should have been done by the conservator, not the attorney.

¶{5}   Considering the arguments appellant presented, we find them to be meritless.  The record before us contains no evidence that the probate court was biased against appellant.  Furthermore, we hold that although the conservatorship petition limited the powers of the probate court under R.C. 2111.021, it could not limit the powers of the court over an accounting, which includes a determination of reasonable attorney fees. Likewise, the contract for attorney fees did not limit the probate court's jurisdiction to determine reasonable attorney fees in this case.  Lastly, considering the fact that appellant did not object to the magistrate's award of attorney fees, we find no error in the probate court's determination of reasonable attorney fees for the services rendered. Consequently, the judgment of the probate court is affirmed.

STATEMENT OF THE CASE

¶{6}   Appellee's home located on Lyden Avenue in Youngstown, Ohio was red tagged as unfit for human habitation and appellee was removed from the home. Thereafter, through her counsel, Attorney Maloney, she filed an application for appointment of a conservator (Cheryl M. Lynn) pursuant to R.C. 2111.021, in Mahoning County Probate Court.  Upon the filing of her application, a magistrate from the probate court spoke with appellee and found that her petition was voluntarily made and that the conservatorship was suitable.  02/20/09 Magistrate's Decision.  The trial court adopted the magistrate's decision and "Letters of Conservatorship" were issued. 02/20/09 J .E.

¶{7}   On March 2, 2009, following the appointment of the conservator, appellant filed a Report of Inventory on behalf of appellee.  The next filing occurred on March 25, 2009, when the trial court issued its "Judgment Entry Transferring Jurisdiction," which transferred the conservatorship to Trumbull County Probate Court. The judgment entry indicated that the issue came before the court on a request from

Trumbull County Probate Court to transfer jurisdiction of the conservatorship to it. In finding that jurisdiction should be transferred, the Mahoning County Probate Court stated that appellee was no longer a resident of Mahoning County, but instead resided at Shepherd of the Valley in Trumbull County, Ohio. That decision was appealed to this court. *In re Conservatorship of Adamosky*, 7th Dist. No. 09MA58, 2010-Ohio-1001.

¶{8} We found that prior to transferring jurisdiction, the probate court was required to hold a hearing to determine residency. Id. at ¶1, 28. Consequently, the matter was remanded to the trial court.

¶{9} It appears that during the pendency of our appeal, the Trumbull County Probate Court determined that it did not have jurisdiction over the conservatorship. Thus, the matter was transferred back to Mahoning County.

¶{10} On June 22, 2009, appellant filed the first partial account. In this account it shows that money was expended by appellant and the conservator to have appellee's property cleaned so that the red tag could be removed. It also shows that attorney fees were paid to appellant. The probate court took exception to that accounting and held it in abeyance pending a hearing. It stated there was "no prior Court order authorizing the expenditure of funds by the Conservator as delineated in the account" and that the "attorneys fees were paid despite the fact that there was no motion with an itemized statement of services rendered filed for attorney fees as required by Rule 71 of the Ohio Rules of Superintendence and Local Rule of Court 71.3 and no hearing held thereon to determine the reasonableness of the same." 06/29/09 J.E.

¶{11} On July 9, 2009, the conservator and appellee, together through appellant, moved to have payments for various expenditures for the conservatee and the attorney fees approved. Appellant sought to have $8,820 approved for attorney fees. Attached to the motion is a billing statement that lists services and costs from February 19, 2009 to April 6, 2009. Neither motion contained the signature of the conservator or conservatee. Appellant also moved to continue the hearing on the exceptions; the probate court granted that request. 07/10/09 J.E.

¶{12} On the day of the hearing on the exceptions, appellant filed an "Amended Motion to Allow Payment of Attorney's Fees." This motion is actually a

supplemental motion that is requesting attorney fees from April 7, 2009 through August 5, 2009. Appellant and the conservator both filed notices of resignation.

¶{13} On August 24, 2009, the magistrate issued its decision. As to attorney fees, it found that the disbursement to appellant of $8,820 was in violation of the probate court's February 20, 2009 order. It also stated that the amount was excessive, unreasonable and in many instances unnecessary. Thus, the magistrate determined that for the period of February 19, 2009 through April 6, 2009 appellant was entitled to $1,640 for legal services plus $150 for reimbursement for costs. The magistrate found that the expenditure of $3,680 to Mark's Construction to clean up Adamosky's property was necessary and reasonable. However, the $870 for security while the property was being cleaned was unnecessary and unreasonable. The magistrate ordered that amount to be deducted from appellant's legal fees. Thus, appellant was to receive only $920 for the services he rendered from February 19, 2009 through April 6, 2009. For the period of April 7, 2009 through August 5, 2009, appellant sought $4,374.57 for legal fees and $164.57 for reimbursement of costs. The magistrate awarded him $662.50 for legal services and $164.57 for reimbursement of costs. Appellant was permitted to resign as counsel.

¶{14} Appellant did not file objections to the decision. On September 24, 2009, the probate court issued its decision which partly adopted and partly modified the magistrate's decision. The court once again reiterated that the disbursement of attorney fees was in violation of its previous order. It stated that in some instances the services were unnecessary, however, many of the services were in the best interest of the Conservatorship. It then stated:

¶{15} "The Court orders that Attorney Maloney shall be paid attorney fees for services rendered which were beneficial to the Conservatorship as follow: (1) services rendered from February 19, 2009 through April 6, 2009 legal fees in the amount of $4,995.00, plus reimbursement of cash advanced in the amount of $150.00 for a total of $5,145.00; and (2) for the period from April 7, 2009 through August 5, 2009 Attorney Maloney be awarded legal fees in the amount of $835.00, plus reimbursement of cash advanced in the amount of $164.57, for a total of $999.57. The overpayment of attorney fees in the amount of $2,990.00 shall be repaid to the Conservatorship and included in the final and distributive account."

**¶{16}** The court also held that the $870 the magistrate ordered deducted from appellant's attorney fees would not be adopted. It explained that since the expenditure for the clean up was necessary, it would not find that the security provided for the cleanup was unnecessary.

FIRST ASSIGNMENT OF ERROR

**¶{17}** "THE PROBATE COURT'S DECISIONS AND JUDGMENTS ARE SO FLAWED AS TO CONSTITUTE PLAIN ERROR SERIOUSLY AFFECTING THE BASIC FAIRNESS, INTEGRITY AND PUBLIC PERCEPTION OF THE JUDICIAL PROCESS, AND THEREBY CHALLENGING THE LEGITIMACY OF THE UNDERLYING JUDICIAL PROCESS."

**¶{18}** Appellant admits that he did not object to the magistrate's findings. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, paragraph one of the syllabus. It should only be applied where the error complained of, if left uncorrected would have a material adverse effect on the character of and public confidence in judicial proceedings. Id. at 121. Three claims of plain error are asserted in this case.

Bias and Prejudice of the Probate Court

**¶{19}** Appellant's legal rate for many of the services he provided was $200 per hour. It is true that the magistrate, in determining the attorney fees for services rendered, referenced a no longer effective local rule that was enacted and authored by appellant during his tenure as probate court judge in Mahoning County. That prior rule, 71.4(A), set the fees at $450 for the appointment of a guardian of an estate of a minor or incompetent and $150 for the preparation of each necessary application and or motion. The magistrate explained that the former rules illustrate what appellant believed to be fair and reasonable for conservatorships during his tenure as Mahoning County Probate Court Judge. 08/24/09 J.E. The magistrate's decision and the itemized billing statement indicate that for at least one charge, the magistrate reduced the fee in accordance with the old probate rule.

¶{20} Regardless of whether the magistrate committed any error in referencing the prior probate rule, we cannot conclude that the probate court was biased against appellant. The probate court did not employ the reasoning given by the magistrate; it made no mention of the prior rule in its decision. Moreover, the probate court did not adopt the magistrate's recommendation for the amount of fees. Rather, it more than doubled the magistrate's recommendation of fees. Consequently, we cannot find that the probate court used, in any manner (whether justly or unjustly), the prior court rules to determine what a reasonable fee for appellant would be. There is no evidence that the probate court was biased against him.

<u>R.C. 2111.021</u>

¶{21} R.C. 2111.021, the statute for conservatorships, states:

¶{22} "A competent adult who is physically infirm may petition the probate court of the county in which he resides, to place, for a definite or indefinite period of time, his person any or all of his real or personal property, or both under a conservatorship with the court. A petitioner either may grant specific powers to the conservator or court or may limit any powers granted by law to the conservator or court, except that the petitioner may not limit the powers granted to the court by this section and may not limit the requirement for bond as determined by the court. The petition shall state whether the person of the competent adult will be placed under the conservatorship, shall state with particularity all real and personal property that will be placed under the conservatorship, shall state the powers granted and any limitation upon the powers of the conservator or court, and shall state the name of a proposed suitable conservator.

¶{23} "After a hearing, if the court finds that the petition was voluntarily filed and that the proposed conservator is suitable, the court shall issue an order of conservatorship. Upon issuance of the order, all sections of the Revised Code governing a guardianship of the person, the estate, or both, which ever is involved, except those sections the application of which specifically is limited by the petitioner, and all rules and procedures governing such guardianship, shall apply to the conservatorship, including but not limited to, applicable bond and accounting requirements."

¶{24} Thus, if the petition does not limit the powers of the court, all applicable guardianship laws apply. Both parties agree and are correct that the conservatee

cannot limit the power of the probate court to set bond and settle the accounts. The last paragraph of the above quote indicates that and so does R.C. 2101.24, which states:

¶{25} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

¶{26} "* * *

¶{27} "(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct and settle their accounts." R.C. 2101.24(A)(1)(e).

¶{28} In the petition, appellee gave the power over her person to the conservator which included all powers that a guardian would have under the guardianship laws of Ohio, but as to the probate court the petition limited the power to those reserved under R.C. 2111.021. Similarly, as to the estate portion of the conservatorship, she gave the conservator all powers that a guardian would have, but limited the court's powers to those reserved under R.C. 2111.021 over "all property."

¶{29} The issue before this court is whether a probate court has jurisdiction to determine attorney fees where the conservatorship petition limits the court's power to "those items reserved to the Court under O.R.C. §2111.021" over "all property." We find that the limiting language in the petition over "all property" does not dispose of the probate court's authority to determine reasonable attorney fees. The attorney fees for the conservatorship were paid from an account that was part of the conservatorship. Thus in settling the accounts, which the probate court clearly had authority to do, the court was acting within its power when it reviewed the attorney fees and determined whether those fees were reasonable. As appellee points out, Sup.R. 71 states that an application shall be filed for the allowance of counsel fees for services rendered to a guardian, trustee or "other fiduciary". This includes a conservator. Thus, the petition over "all property" does not limit the court's authority to determine reasonable attorney fees which come from an account that is part of the conservatorship.

## Contract

¶{30} Appellant's argument regarding there being a contract that controls the attorney fees is not reviewed for plain error. A probate court is a court of limited jurisdiction, and may entertain only those types of actions which the General Assembly

permits. *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34. Thus, by contending the probate court has no jurisdiction over contracts, the argument made is a subject matter jurisdiction argument that can be raised at any time.

¶{31} There are instances when the probate court does not have jurisdiction over a contract for attorney fees. The Eleventh Appellate District has explained that the probate court does not have jurisdiction over a complaint by the beneficiaries of decedent's trust alleging that the attorney took excessive legal fees from the decedent. *Burns v. Daily*, 114 Ohio App.3d 693. Because the money had already been paid to the attorney while the decedent was alive, the money was not part of the estate and thus, was not within the probate court's jurisdiction. Id. at 704.

¶{32} However, that is not the case here. The monies being sought and that were paid to appellant came from an account covered by the conservatorship, which the probate court had jurisdiction over.

¶{33} The Ohio Supreme Court in 1992 explained that in a guardianship case "the state's interest in the guardianship is effectuated by the extension of the probate court's jurisdiction to all matters 'touching the guardianship.'" *In re Guardianship of Jadwisiak* (1992), 64 Ohio St.3d 176, 180.

¶{34} Paragraph one of the syllabus states:

¶{35} "A probate court, in order to maintain control over any personal injury settlement entered into on behalf of a ward under its protection, has subject matter jurisdiction over the entire amount of settlement funds, which includes attorney fees to be drawn therefrom." Id.

¶{36} This logic can be extended to a conservatorship case and applies to the situation presented to this court. Just as the court had jurisdiction over the settlement, including the disbursement of attorney fees, the probate court has jurisdiction over the accounts in the conservatorship, including the disbursement of attorney fees. Thus, while appellant was entitled to enter into a contract for attorney fees with the conservatee, the probate court had the authority to review and reduce the attorney fees. In the situation of guardianships and conservatorships, the ability of the court to review the contract for attorney fees is vital considering the reasons why guardianships and conservatorships are created.

SECOND ASSIGNMENT OF ERROR

¶{37} "THE TRIAL COURT ACTED ARBITRARILY, UNREASONABLY AND UNCONSCIONABLY IN DENYING MALONEY REASONABLE LEGAL FEES IN REPRESENTING ADAMOSKY."

¶{38} We have previously indicated that a probate court has discretion to allow reasonable attorney fees and that decision will be upheld absent an abuse of discretion. *In re Guardianship of Poschner*, 7th Dist. No. 04MA160, 2005-Ohio-2788, ¶8. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. As stated above, appellant did not object to the magistrate's reduction of fees pursuant Civ.R. 53. Thus, the portions of the magistrate's decision that were adopted by the probate court can only be reviewed under plain error. Civ.R. 53(D)(3)(b)(iv).

¶{39} In the probate court's decision the court stated the following:

¶{40} "IT IS ORDERED, ADJUDGED AND DECREED that the Magistrate's Decision dated August 24, 2009 is hereby adopted and/or modified as follows:

¶{41} "(1) The expenditures/disbursements reflected on the Account are found to have been made in violation of both this Court's Judgment Entry of February 20, 2009 and in violation of Subsections (B)( and (D) of the Ohio Revised Code §2111.14. However, the expenditures made, although not authorized by the Court, were in large part beneficial to the Conservatorship except as specifically noted herein.

¶{42} "(2) The disbursement to Attorney Maloney of $8,820.00 paid on April 7, 2009 be found in violation of the Court's Judgment Entry of February 20, 2009, Superintendence Rule 71 and Local Court Rules 71.3. The payment of $8,820.00 to Attorney Maloney for attorney fees was unauthorized by the Court. In some instances, the services were unnecessary. However, much of the services were in the best interest of the Conservatorship." 09/24/09 J.E.

¶{43} Appellant's contention that the first paragraph is confusing because the judgment does not contain a specific notation of what actions were not beneficial to the conservatorship is somewhat accurate. However, the appeal concerns the reduction of the requested attorney fees and thus, involves the second paragraph, not the first paragraph. Thus, the first paragraph is not at issue in this appeal.

¶{44} In order to determine whether the reduction was an abuse of discretion, we must look to Sup.R. 71(A), which states:

¶{45} "(A) Attorney fees in all matters shall be governed by Rule 1.5 of the Ohio Rules of Professional Conduct."

¶{46} Rule 1.5 lists factors that are used to determine the reasonableness of an attorney fee and they are:

¶{47} "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

¶{48} "(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

¶{49} "(3) the fee customarily charged in the locality for similar legal services;

¶{50} "(4) the amount involved and the results obtained;

¶{51} "(5) the time limitations imposed by the client or by the circumstances;

¶{52} "(6) the nature and length of the professional relationship with the client;

¶{53} "(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

¶{54} "(8) whether the fee is fixed or contingent." Ohio Prof. Con. R. 1.5.

¶{55} Keeping those principles in mind, our analysis of whether there was any error in the probate court award of fees will start with the probate court filings and actions taken while the matter was pending before the probate court, i.e. all other actions except those taken in the 09MA58 appeal. In its decision, the magistrate stated that given appellant's experience his $200 per hour fee was legitimate. Most of the issues the magistrate had with the billing were the time it took appellant to complete things given his vast experience and the fact that he was doing and charging fees for things that could have and should have been done by the conservator. Given the probate court's upward modification of the magistrate's recommendation, it does not appear that the probate court had issues with the hourly rate. It appears that it agreed in some instances with the magistrate as to the amount of time and non-legal services that could have been done by the conservator.

¶{56} A review of the itemized list of attorney fees and the magistrate's decision does show that some of the actions appellant was charging fees (sometimes legal fees) were for actions the conservator should have been doing. For instance, on March 2, 2009, appellant went to the Youngstown Police Dept. to arrange for security on house cleaning day. On April 1, 2009, he met with Lt. Mw. Rafferty (security for

house cleaning day) and Dave Nicora (from house cleaners) at Client's Lyden Avenue residence. He also met with the staff of Shepherd of the Valley. On April 4 and 6 he supervised the cleaning of the client's home. On April 7, he met with contractors for the house and with Shepherd of the Valley to arrange for assisted living for Adamosky. On May 5, received a call from Park Vista, where appellee was living, they were having some sort of problem with her. He spoke to the Medical Director who agreed that her staff had overreacted to appellee's actions. Some time also in May he had another telephone conference with the Medical Director. On May 31, 2009, he received a call from appellee who refused to meet with a doctor, so he canceled her appointment. Most, if not all of these actions, should have been done by the conservator, not appellant. Furthermore, some of these services were lumped in with legal services and charged together so it is hard to discern how much he was charging for the non-legal services.

¶{57} The magistrate also reduced some of his fees because it determined that considering the number of years appellant practiced in probate court, including his tenure as probate court judge, the services should not have taken as long as they did. For instance for services on March 1, 2009, he charged for nine hours of work for the total amount of $1,800. This was for: "Prepared *Motions to Enseal, For Injunction and to Correct the Record; Report of Inventory*, prepared proposed orders Granting *Motions to Enseal*, to correct and restricting accounted directed to Home Savings, Wachovia, Nat'l City Bank and Prudential and proposed entries for the Court. Revised, reviewed and completed. Copies and collated."

¶{58} The magistrate in reviewing those services and fees stated:

¶{59} "The Court file reveals that on March 2009 a Motion to Enseal, for Injunctive Orders and to Correct the Record was filed by Attorney Maloney with the Court. This is a two-page document. It is followed by the Court's orders and Injunctive Order restricting account which is a one and one-half page document and a Judgment Entry and Orders which is a one and one-quarter page document. There is an additional and separate order and injunctive orders restricting accounts, which is a one page document. Frankly, it is difficult to believe that lawyer of Attorney Maloney's expertise and experience needed nine (9) hours plus to create these documents.

(Assumedly, some part of the 2-29-09 time was also used on drafting these documents)." 08/24/09 J.E.

¶{60} It is not extremely clear which fees the probate court adopted and which fees it modified. However, considering all of the magistrate's statements and the probate court's modification of the magistrate's recommendation, as it pertains to all matters other than the appeal in 09MA58, we cannot find that the probate court abused its discretion and/or committed plain error in adopting portions of the magistrate's decision or in modifying the magistrate's decision.

¶{61} As it pertains to the appeal in 09MA58, the magistrate reduced the amount of time it took to draft the notice of appeal in that case. It noted that appellant charged one hour for the Eleventh Appellate District but two hours for our district. Our court does not require excessive documents to file an appeal. We do require a docketing statement, but that document is a fill in the blank form and it is easily found on our website. Consequently, we find that the magistrate's determination that each should have taken the same amount of time, one hour, is legitimate.

¶{62} The fees for writing the brief are found in the "Amended Motion to Allow Payment of Attorney Fees." From the billing period, the magistrate awarded $662.50 in legal fees. The probate court modified that to $835. For the brief in 09MA58, appellant billed nine and three quarter hours charging at $200 an hour for a total of $1,462.50. Looking at the itemized attachment to the magistrate's decision it did not award any fees for the brief. It explained in its decision:

¶{63} "Counsel is requesting payment of $675.00 for services rendered on June 1, 2009 for four and one-half (4.50) hours to 'continue draft of appellate brief for Seventh District.' He is requesting an additional $300.00 to continue the draft for the Seventh Appellate District Brief on June 10, 2009 and also $487.50 for three and one-quarter (3.25) hours spent on such draft on July 2, 2009. Counsel indicated during the course of the instant hearing that a great deal of legal research was necessary to construct the brief to that point, and he further indicated that more work was necessary. The issue of necessity arises for such a brief (again, if counsel would have requested prior Court approval for this, as he should have, this probably would not be an issue), especially in light of the Judgment Entry of 5-11-09 dismissing the transfer of jurisdiction. Also the Court of Appeals issues its own Judgment Entry on 7-27-09

indicating that "no brief has been filed and the appellant has taken no further action to timely prosecute this appeal." Therefore, it appears that the Conservatorship did not benefit by these hours. No compensation should be allotted at this time."

¶{64} The magistrate appeared to believe that the appeal was moot because Trumbull County had transferred jurisdiction back to Mahoning County. Although the probate court does not provide any indication of whether it awarded any fees for the appellate work, given that the probate court only increased the fees on that motion by less than $200, it was not awarding any monies for the appellate work.

¶{65} As appellant did not object to the magistrate's decision, he can now only raise plain error as to this issue. We do not find that this is an exceptional case where plain error should be recognized. Consequently, as to the attorney fees for appeal 09MA58 we find no error.

¶{66} Therefore, the probate court's partial modification of the magistrate's award of attorney fees was not an abuse of discretion. Likewise, the probate court's part adoption of the magistrate's award of attorney fees did not amount to plain error. In all, this assignment of error lacks merit.


## CONCLUSION

¶{67} For the reasons expressed above, both assignments of error lack merit. The judgment of the trial court is hereby affirmed..

Donofrio, J., concurs.
Waite, P.J., concurs.